VICKSBURG & MERIDIAN RAILROAD CO. v. E. A. BRADLEY.

TAXATION.  Railroads.  Payment of privilege tax.  Land used in operating road exempt.  Code 1880, § 607.

A railroad company having paid a privilege tax under the statute is exempted from all other state and county taxes on its lands used in operating the road; and a sale thereafter for taxes of 1.78 acres, being part of a two-acre lot in the city of Jackson, on which are located the section-houses, turn-table, and other improvements of the company used in operating the road, is void. Whether any of the improvements are actually upon the part of the land so sold or not, if it is connected with the other part and with the operation of the road, it is exempt after the payment of the privilege tax.

FROM the chancery court of the first district of Hinds county. HON. WARREN COWAN, Chancellor.

Under §§ 607 and 608 of the code of 1880 any railroad company in this state, on accepting the provisions of the statute and paying the designated privilege tax based on mileage of track, secures an exemption from state and county taxes; but, it is provided, "that lands owned by railroad companies and not used in operating the railroads shall be taxable as other property."

The land in controversy is described as being 1.78 acres, part of a two-acre triangular lot in the city of Jackson owned by the appellant, and upon which two acres are located the section-houses, turn-table, and other necessary improvements used by the company in operating the road. There is conflict in the testimony as to whether these improvements are actually upon the part of the lot in controversy. But it is conceded by counsel for appellee that several of the old section-houses or buildings formerly used by laborers in the employ of the railroad company are on this part of the lot. It is claimed, however, under the proof, that these were only temporarily used as habitations for laborers, and that they had not been used at all for ten or twelve years. On the other hand, the proof tended to show that the whole of the two-acre lot was necessary for, and was used in, operating the railroad.

On March 1, 1886, this part of the two-acre lot was sold to the state, for the state and county taxes claimed to be due thereon for

the previous year.   Appellee having purchased from the state, filed the bill in this case to confirm the tax-title, and obtained a decree, from which this appeal is prosecuted.   The other facts necessary to an understanding of the case are stated in the opinion.

*Nugent & McWillie,* for appellants.

The railroad company having paid the privilege tax as provided by the statute, was exempted from state and county taxation on all its property, except " lands not used in operating the railroad." The intention of the legislature in making this exception is to be deduced from a practical construction of the whole statute.   The court will look to the object in view, and will give the statute the most reasonable and beneficial interpretation.   The legislature intended to solve the difficult problem of railroad taxation by a special law.   Railroads *eo nominee* and all usual and customary adjuncts in the way of property were purposely included in the letter of the statute designating the exemption after payment of the privilege tax.   " Lands used in operating a railroad," is tantamount to the expression, land used *about* the operation of the road.   Depot buildings, warehouses and other buildings, and the lots on which they are built, which are in any manner used about the railroad and its operation, are necessarily included within the meaning of the statute.   Railroads cannot be operated without laborers and section foremen.   These require houses, to be built on land leased or owned by the company; and there is as much necessity for exempting such land as that upon which depot buildings are erected. On this point, as to the construction to be placed on the expression " lands not used in operating the railroad," we refer to the following authorities :    *Easton* v. *Smith,* 20 Pick. 150 ;   *Ry. Co.* v. *Lancaster Co.,* 18 N. W. Rep. 71 ; *Railway Co.* v. *Sabin,* 26 Pa. 242 ; *Northampton Co.* v. *Lehigh Co.,* 75 Ib. 461 ; *Bridge Co.* v. *Troehy,* 13 S. & R. (Pa.) 422 ; *R. R. Co.* v. *Commissioners,* 7 Am. & Eng. Ry. Ca. 340.   We refer specially to the language of Chief Justice Shaw in *Worcester* v. *R. R. Co.,* 4 Met. (Mass.) 367.   See, also, *People* v. *Ry. Co.,* 24 Am. & Eng. Ry. Ca. 497.

Laws imposing privilege taxes are to be construed in favor of the citizen.   *R. R. Co.* v. *The State,* 62 Miss. 105.

The triangular lot in controversy was and is *used* by the company in operating, or for purposes necessarily incident to operating its road. This is abundantly established by the testimony, and the use by the company determines the meaning of the statute.

*W. L. Nugent,* for appellants, made an oral argument.

*D. Shelton,* for appellee.

Counsel filed a lengthy written argument on the testimony, to show that the turn-table, tool-house, and foreman's house were not situated on the two-acre lot, and that the part of said lot that had been sold for taxes was not used by the railroad company in operating the road. Without citation of authorities, counsel urged the following points:

1. The evidence shows that there is not a house or fence on the land in controversy, except some small, dilapidated, and uninhabited cabins on the eastern line of it.

2. These were never used by the railroad company for any purpose except temporary habitations for negro laborers hired to work on the railroad section for daily wages.

3. And there is no proof that they have been used even for this purpose within the last ten or twelve years. But I take the position that if it were true that these shanties were used as dormitories for hired section laborers on the railroad, this would not exempt the lot from specific taxation under the code of 1880. Section 597 of the code requires a railroad company agreeing to pay the privilege tax, in lieu of other state and county taxes, to file with the auditor a schedule specifying its depot buildings, warehouses, etc.; and this is the property that is to be exempt. The schedule required does not include property such as the lot in controversy. Therefore it is not exempt from assessment and taxation.

4. This part of the two-acre lot is not used in operating the road, and is not necessary for that purpose. I deny that a compress, or a cotton gin, or a mill, or an elevator, or a canning factory, even if put on the right of way, however convenient or profitable to the railroad company, would be exempt under this statute. If the railroad company owns five thousand acres of timbered land, and gets its cross-ties and timber for other purposes from a part of it,

I deny that the whole tract would be exempt under the statute. Cabins or tents for laborers placed on part of such a tract would not render the whole exempt, as being *used* in operating the railroad ; and so of the case at bar.

5. Sections 599 to 604 of the code provide a very novel mode of assessing state taxes on the schedule there provided, and are unconstitutional.

The decree should be affirmed.

Arnold, C. J., delivered the opinion of the court.

It appears that the railroad company had accepted the provisions of §§ 607, 608 of the code, and their amendments, and paid the privilege tax amounting to more than eleven thousand dollars, and this exempted it from all state and county taxes, except taxes on land owned by the company and not used in operating the railroad. Code, § 607.

The land in controversy is part of two acres upon which are located the section houses and other improvements of the company used in operating the railroad, and we are of opinion that it was not taxable for state and county purposes, under the statutes above referred to.   Whether the turn-table and other improvements of the company necessary for operating the road, are actually upon that part of the two-acre lot sold or not, it is so connected with the other part of the two acres so used, and with the operation of the road, as to exempt it from state and county taxes.

*Reversed, and bill dismissed.*