AUDITOR GENERAL *v.* FLINT & PERE MARQUETTE RAIL-ROAD CO.

1. RAILROAD COMPANIES—TAXATION—EXEMPTIONS.

Land belonging to a railroad company, and used constantly by it in originating and shipping freight, is not subject to taxation under the general tax law, in view of section 11 of said law (Act No. 206, Pub. Acts 1893), providing that the property of corporations paying specific taxes shall be exempt as to the property covered by such taxation, and of Act No. 129, Pub. Acts 1893, § 3, providing that the specific taxes on railroad companies, thereby provided for, shall be in lieu of all other taxes on the property of such companies, except

such land as is "not actually occupied in the exercise of its franchises, and not necessary or in use in the proper operation of its road."

2. SAME.

The company will not render itself liable to general taxation with respect to such land by permitting a lumber firm to occupy a portion of the same, where the firm pays no rent, and the arrangement is for the convenience of the company in handling the firm's lumber, all of which is shipped over its road.

Appeal from Bay; Maxwell, J.  Submitted October 5, 1897.  Decided November 17, 1897.

Petition by Stanley W. Turner, Auditor General, for the sale of certain lands delinquent for the taxes of 1894. Objections were filed by the Flint & Pere Marquette Railroad Company.  From a decree for petitioner, contestant appeals.  Reversed.

*Isaac A. Gilbert*, Prosecuting Attorney (*U. R. Loranger*, of counsel), for petitioner.

*T. A. E. & J. C. Weadock*, for contestant.

LONG, C. J.  This is an appeal from the Bay circuit court, in chancery, overruling the objections of appellant to certain taxes, amounting to $169.74, assessed against it for State, county, and city purposes on the general tax roll for the year 1894.  The objections to the tax were upon the ground that the property upon which it is assessed is a part of the terminals and depot grounds of the railroad company, and is necessarily used in the operation of the company's road and in the exercise of its franchise. The property is a piece of land near the Saginaw river, through which the railroad tracks run.  It is shown by the record that this land is used constantly by the company in originating and shipping freight; that, in the year 1894 alone, 18,000 cars of freight were originated and shipped from this piece of land by the way of this road; and it is apparent that the land is necessary for the due

execution of its business.  Section 3, Act No. 129, Pub. Acts 1893, regulating the levying of specific taxes on railroad companies, provides:

"The taxes so paid shall be in lieu of all other taxes upon the properties of such companies, except such real estate as is owned and can be conveyed by such corporations under the laws of this State, and not actually occupied in the exercise of its franchises, and not necessary or in use in the proper operation of its road."

The general tax laws of the State provide that:

"The property of corporations paying specific taxes shall be exempt as to the property covered by such taxation, except when otherwise provided by law."  Section 11, Act No. 206, Pub. Acts 1893, as amended by Act No. 229, Pub. Acts 1895.

The court below was in error in holding that this property was subject to taxation under the general tax laws. In. Detroit, etc., Station Co. v. City of Detroit, 88 Mich. 347, a grain elevator used in connection with the business of the company was held not liable to general taxation.  See, also, Chicago, etc., R. Co. v. Bayfield Co., 87 Wis. 188.

It appeared in the present case that two lumber firms also occupied a part of the docks; but they paid no rent, and it was a convenience to the railroad company in shipping lumber over its road, and the entire lumber was so shipped.  This fact can have no bearing on the case as to the liability of the company to pay general taxes on the land.  This question was raised in Milwaukee, etc., R. Co. v. City of Milwaukee, 34 Wis. 271, and that court held the land was not subject to general taxes for that reason.

The decree below must be reversed, and a decree entered here in accordance with these views.  The appellant will recover its costs against the State, and voucher will be drawn therefor by the auditor general.

The other Justices concurred.