### H. F. WHITCOMB and Another v. RAMSEY COUNTY.[1]

January 8, 1904.

Nos. 13,687—(139).

**Evidence.**
  Evidence considered, and *held* not clearly and palpably against the
  findings of the trial court.

Appeal by plaintiffs from an order of the district court for Ramsey
county, O. B. Lewis, J., denying a motion for judgment notwithstand-
ing the findings or for a new trial.    Affirmed.
  *McDonald & Dobner* and *T. H. Gill,* for appellants.
  *T. R. Kane* and *O. H. O'Neill,* for respondent.

BROWN, J.

  Action to recover from Ramsey county certain taxes paid by the
plaintiffs under protest, levied and assessed upon property owned by
the Wisconsin Central Railway Company, in which defendant had
judgment, and plaintiffs appealed from an order denying their alter-
native motion for judgment notwithstanding the findings and decision
of the trial court, or for a new trial.

  The facts are as follows: Plaintiffs were receivers of the Wisconsin
Central Railway Company, which owned various tracts of land in the
county of Ramsey, on which were assessed the usual and ordinary taxes
for the years 1895 to 1899, inclusive.    Plaintiffs paid the taxes under
protest, claiming that the property was exempt from taxation under the
provisions of G. S. 1894, § 1667, and subsequently brought this action
to recover the amount paid.    This statute provides that

> "The railroad, its appurtenances and appendages, and all other
> property, estate and effects of said corporation held or used for,

---

[1] Reported in 97 N. W. 879.

in or about the construction, equipment, renewal, repair, maintaining, or operating its railroad * * * shall be * * * exempt from all taxation."

In County of Todd v. Ry. Co., 38 Minn. 163, 36 N. W. 109, the statute was construed to mean and include such property of the company as is reasonably necessary for, and used in the prosecution of, the company's business. The trial court found in the case at bar that the property in question was not used or devoted to railroad purposes, and was not exempt from taxation under this statute. The principal question presented on this appeal is whether this finding is supported by the evidence, or, in other words, whether the evidence is so clearly and palpably against it as to require this court to set the finding aside. We have examined the evidence presented in the record, and are unable to reach the conclusion that it is clearly and palpably against the findings. The property in question was rented to different parties for private uses, and was not devoted to the uses of the railway company, and the evidence does not bring the case within the meaning of the statute as interpreted in the Todd County case, supra. At least, it is not so clearly and palpably against the conclusion reached by the trial court as to justify this court in interfering.

The order appealed from is affirmed.