STATE v. NORTHWESTERN TELEPHONE EXCHANGE COMPANY.[1]

December 8, 1905.

Nos. 14,588—(26).

Taxes.

In proceedings to enforce the payment of delinquent taxes on property belonging to defendant, it is *held* that the findings of the trial court that the property is not necessarily used in the conduct of defendant's business as a telephone company are sustained by the evidence.

Appeal by defendant from an order of the district court for Ramsey county, Hallam, J., denying a motion for judgment notwithstanding the findings in favor of plaintiff or for a new trial. Affirmed.

C. D. & R. D. O'Brien and E. A. Prendergast, for appellant.
Thos. R. Kane, and O. H. O'Neill, for the State.

BROWN, J.

In proceedings to obtain judgment for taxes delinquent the first Monday in January, 1905, theretofore levied and assessed against lot 15, block 9, St. Paul Proper, the Northwestern Telephone Exchange Company, owner of the lot, interposed the defense that it was exempt from taxation under the provisions of chapter 314, p. 581, Laws 1897; that defendant had paid the gross earnings tax provided by that act; and that the property here in question was necessarily used in connection with the operation of its business and not taxable by the ordinary methods. The trial court found against the defendant, and, in effect, that the property was not necessarily used in the conduct of defendant's business, and was therefore taxable. Defendant appealed.

[1] Reported in 104 N. W. 1086.

By the constitutional amendment of 1896 (Laws 1897, p. viii) the legislature was authorized to impose upon telephone companies and others a gross earnings tax upon any or all property owned by them in lieu of other taxes. Pursuant to this authority the legislature, by chapter 314, p. 581, Laws 1897, enacted that all telephone companies doing business in this state should pay into the state treasury, on or before January 1 of each year, the sum of three per cent. of their gross earnings, which, when made, should be in lieu of all other taxes and assessments of whatever kind or nature upon all property held, owned, or used by them in or about the construction, repair, or operation of their business. The trial court, adopting the construction given the constitutional amendment and the act of the legislature in the case of State v. Northwestern Tel. Exch. Co., 84 Minn. 459, 87 N. W. 1131, held that, inasmuch as the property in question was not necessarily used in the operation of defendant's telephone business, it was subject to taxation by the ordinary methods, and that under the proviso attached to the constitutional amendment, to the effect that nothing there contained should operate to authorize the assessment or taxation of any farm land or ordinary business blocks or property owned by a telephone company, except in the manner provided by the ordinary methods of taxation, the property in question was taxable by the usual methods.

The question suggested on the oral argument that a proper construction of the constitutional amendment would limit the gross earnings tax there provided for to the personal property and franchise of the company, leaving all real property, whether used in connection with the telephone business or not, subject to taxation by the ordinary methods, is not presented by the record nor covered by the briefs of counsel, and we do not deem it advisable to consider or determine it at this time. The question involves important consequences to telephone companies as well as to the state, and before it is determined should be thoroughly discussed and argued.

We dispose of the case, therefore, upon the only question presented by the record, viz., whether the findings of the trial court that this particular property was not necessarily used in connection with the operation of defendant's business are sustained by the evidence.

A careful consideration of the evidence leads to the conclusion that the trial court should be sustained. The evidence is not so clearly against its conclusion as to justify a reversal by this court. The testimony bearing upon the use of the property and the necessity thereof in connection with the operation of defendant's business is substantially like that presented in the case of State v. Northwestern Tel. Exch. Co., supra, though it does not appear in the case at bar that the purchase of this property was made with a view to the future construction of a telephone building thereon.

It appears that for many years the company owned a building, several stories high, in the city of St. Paul, which it occupied as its central telephone exchange. The lot in question adjoins the lot on which that building stands, and was purchased by the company in October, 1902, and has since been used by it for the purpose of storing telephone poles, material and supplies used in its business; but the evidence does not conclusively show that the property was necessary for this purpose. It is not decisive in cases of this kind that the property claimed to be exempt from taxation was in fact used in connection with the affairs of the company. It must also appear, to render it exempt from taxation, that it is necessary for the ordinary use and conduct of its business. As stated, this property was used for storing telephone poles and other property necessary and incident to defendant's business, and as a means of access to the basement of its central exchange building; but it does not appear that it had no other place for storing such material, nor other means for entering the basement of its main building. Such being the case, the conclusion must be that the findings of the trial court are sustained. Whitcomb v. Ramsey County, 91 Minn. 238, 97 N. W. 879; County of Todd v. St. Paul, M. & M. Ry. Co., 38 Minn. 163, 36 N. W. 109.

Order affirmed.