IN RE PROCEEDINGS TO ENFORCE PAYMENT OF 1916 REAL ESTATE TAXES.

STATE v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 4, 1919.

No. 21,196.

**Taxation — building used in operation of railway exempt from general taxes.**

The Great Northern Railway Company owned and occupied a large building in St. Paul, for general office purposes. With another railway company, it became the owner of a new building to which it removed its general offices. On May 1 next following, limited use was being made of the old building for storage purposes, but shortly thereafter it was devoted to additional uses by different departments of the company. An express company, operating over the lines of the railway company, occupied one floor and part of another. There was no evidence that the railway company ever intended to abandon its use of the building for railway purposes. *Held:*

(1) That a finding that the property was at all times held and used in the operation and maintenance of a railway and was exempt from general taxation was sustained by the evidence.

[1] Reported in 171 N. W. 317.

(2) That the occupancy of a portion of the building by the express company did not deprive it of its character as property owned and held in connection with and incident to the operation and maintenance of a railway.

In the matter of the proceedings in the district court for Ramsey county to enforce payment of the 1916 real estate taxes delinquent on the first Monday in January, 1918, defendant railway company filed its answer, alleging that certain real estate assessed was held and used for railway purposes, that defendant had paid the gross earnings tax required by statute and the property was exempt from other taxes. The matter was heard by Dickson, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for amended findings or for a new trial was denied. From the order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Richard D. O'Brien,* County Attorney, and *Harry C. Peterson,* Assistant County Attorney, for appellant.

*M. L. Countryman* and *F. G. Dorety,* for respondent.

LEES, C.

In proceedings to enforce the payment of delinquent real estate taxes assessed in 1916 against property of the respondent, Great Northern Railway Company, in the city of St. Paul, an answer was interposed as provided by G. S. 1913, § 2104. The railway company pays the five per cent gross earnings tax imposed by statute. It alleged that the property was owned and used for railway purposes and was therefore exempt from taxation by virtue of G. S. 1913, § 2226. There were findings in respondent's favor, and the case comes here on appeal from the judgment entered thereon.

The property in question consists of three city lots upon which respondent had erected a seven story general office building about 28 years ago.

In October, 1915, respondent and the Northern Pacific Railway Company began to occupy a new general office building which the two companies own jointly. At that time the transfer of its offices to the new building was begun and continued until February, 1916, when it finished moving. Some of its property was left in the old building. A vault in

the basement was kept in use for the storage of records of the engineering department; the filing and book cases of the legal department were left; the emigration department began to use a portion of the building for storage purposes, some office fixtures were taken to it to be stored, and a custodian was left in charge and one of the elevators kept running. These were substantially the conditions on May 1, 1916, when the assessment was made. Between that date and the time of the trial in May, 1918, the building was devoted to many additional uses. It was used by the baggage department for the storage of unclaimed baggage; by the telegraph department, for a store room and work shop; by the accounting department, for the storage of its records; and by the freight, right of way and legal departments, for the same purpose. The first floor and part of the fifth floor were occupied by the Great Northern Express Company, which operates the express lines over respondent's railway.

The sole question before us is, whether the trial court was justified in finding that the property has at all times been held and used in the operation and maintenance of respondent's lines of railway.

1. Counsel for the state assert that respondent's uses of the building since February, 1916, were not reasonably necessary; that it has not used it in the ordinary and usual course of its business, and that it has not been used for primary, substantial and controlling railway purposes, nor by it exclusively. The question involved has been frequently before this court. The cases were recently reviewed in State v. Great Northern Ry. Co. 139 Minn. 469, 167 N. W. 297, and State v. Chicago, St. P. M. & O. Ry. Co. 140 Minn. 440, 168 N. W. 180. In support of its contention, extracts from the opinions in County of Todd v. St. Paul, M. & M. Ry. Co. 38 Minn. 163, 36 N. W. 109, Whitcomb v. Ramsey County, 91 Minn. 238, 97 N. W. 879, and State v. N. W. Tel. Exch. Co. 96 Minn. 389, 104 N. W. 1086, are quoted in the brief for appellant. Decisions from other jurisdictions are also cited, such as State v. Mansfield, 23 N. J. Law, 510, 57 Am. Dec. 409; East Pa. R. R. Co.'s Case, 1 Walker, 428, and Bank v. Tennessee, 104 U. S. 493, 26 L. ed. 810.

On the other hand, counsel for respondent single out expressions in opinions rendered in other cases, indicating that railway property is exempt from general taxation if used as a convenience in the operation

or maintenance of the railway, or if the property is not used in a collateral and distinct enterprise. State v. Chicago, St. P. M. & O. Ry. Co. supra; County of Hennepin v. St. Paul, M. & M. Ry. Co. 42 Minn. 238, 44 N. W. 63. Attention is also called to Chicago, St. P. M. & O. Ry. Co. v. Douglas County, 122 Wis. 273, 99 N. W. 1030, where it was said, in a case similar to the one at bar, that "necessarily," when used in the connection here involved, means neither "inevitable" nor merely "convenient" or "profitable," but some stage of utility less than that denoted by the first but greater than that denoted by the last of these terms.

By separating expressions in judicial opinions from the context and applying them to the facts in other cases, there is danger of becoming involved in a tangle of contradictions and perplexities. There is no single test for determining whether a piece of property is or is not used for railway purposes. As was pointed out in State v. District Court of Ramsey County, 68 Minn. 242, 71 N. W. 27, each case must be determined upon its own facts and with reference to certain general principles applicable to all cases. It has been urged that this furnishes no definite rule by which parties can determine in any given case whether the land of a railway company is or is not within the exemption, but, as was said in the case cited, whatever indefiniteness remains is inherent in the nature of the question.

There was no evidence that respondent intended to abandon its use of the building for purposes directly connected with the operation and maintenance of its railway lines. It is true that on May 1, 1916, it occupied comparatively a small portion of it. The situation then existing appears to have been due to the fact that a short time theretofore it had completed the removal of its general offices therefrom, and had only begun to devote it to the new uses to which it was put. These uses are important only in that they tend to sustain respondent's position that at no time did it intend to abandon its continued use of the building for railway purposes. After considering the somewhat meager facts and circumstances shown by the record, we have reached the conclusion that respondent's use of the property was reasonably necessary, ordinary and usual in the conduct of its business and that the findings to that effect are sustained.

2. There remains for consideration the point that the property was

not devoted to primary, substantial or controlling railway uses, and that it was not used exclusively by respondent. The evidence shows that respondent had the controlling use of the building and that it was primarily used for railway purposes. It was not leased for commercial purposes. It was not diverted to uses other than such as were reasonably incidental to the operation and maintenance of respondent's railways. - There is no evidence tending to show that the uses to which respondent devotes it are fictitious or intended to give color to its claim that the property is exempt from general taxation. We are asked, but decline, to infer that it is intentionally depriving itself of substantial rentals by unnecessarily using for storage purposes valuable floor space in a modern office building merely to escape the payment of taxes upon it.

The occupancy of a portion of the building by the express company is not a sufficient reason for overturning the findings. We do not stop to inquire whether the portion so occupied is devoted to a nonrailway use. If some portion of a building such as this is used for a purpose not directly connected with the operation and maintenance of a railway, it does not follow that it ceases to be exempt from general taxation. If it is principally devoted to railway uses and not subordinate to other uses, it may retain its exemption. Partial use by a tenant of a limited portion of railway property is but one of several circumstances to be considered. It is not a controlling factor when considered alone. State v. District Court of Ramsey County, supra; Auditor General v. Flint Etc. R. Co. 114 Mich. 682, 72 N. W. 992; Grand Rapids & Ind. Ry. Co. v. Grand Rapids, 137 Mich. 587, 100 N. W. 1012, 4 Ann. Cas. 1195; Chicago, St. P. M. & O. Ry. Co. v. Douglas County, supra.

In State v. Chicago, St. P. M. & O. Ry. Co. supra, this question was touched upon, and it was said that the fact of leasing, though it bears upon the question of railway use, is not a complete test of taxability, and that the statute should have a reasonable construction and one rather liberal to the company.

Judgment affirmed.