## STATE v. PEQUOT RURAL TELEPHONE COMPANY.[1]

March 31, 1933.

No. 29,352.

*Ryan, Ryan & Ryan,* for appellant.

*Harry H. Peterson,* Attorney General, and *Arthur J. Sullivan,* County Attorney, for the state.

WILSON, CHIEF JUSTICE.

Defendant appealed from a judgment entered in a proceeding for the enforcement of real estate taxes on an ad valorem basis for the years 1928 and 1929. As a telephone company it pays a gross earnings tax "in lieu of all other taxes." Defendant paid a gross earnings tax for the years 1928 and 1929. The controlling question before us is whether the real estate involved is used for telephone purposes within the spirit and intent of the gross earnings tax statute, which is G. S. 1923 (1 Mason, 1927) § 2286.

[1] Reported in 247 N. W. 695.

Defendant's principal place of business and exchange is at Pequot. It connects with Jenkins, and it also serves the rural community, including a lake and resort region. It gives 24-hour service. Defendant owns a lot 75 x 125 feet in the business portion of Pequot. On this lot is a building in form and appearance of a dwelling house. It is 28 x 50 feet, one story, with an attic room perhaps suitable for a bedroom. There is an eight-foot basement under the entire building. On the main floor there is a front room extending the width of the building. There are two bedrooms on this floor, also a toilet and rest room, a kitchen, and a dining room. A passenger car and two motor trucks owned by defendant are kept in the garage on the rear portion of the lot.

Mr. L. A. Arvig is defendant's secretary and manager. Mrs. Arvig. is its treasurer and chief operator. These two persons own about 65 per cent of the capital stock of defendant corporation. For their services defendant pays each of them a regular salary, and in addition thereto and as a part of their compensation permits them with their three children to live and make their home in this building.

In the front room defendant maintains a switchboard and telephone booth. Defendant's business with the public is generally transacted in this room, which is also equipped for and used as a waiting room. The manager keeps his desk in a portion of the dining room, wherein the directors and stockholders hold their meetings. The basement is principally used for storing telephone equipment and supplies, but Mrs. Arvig has her washing machine and some household articles therein.

Defendant employs three girl operators in addition to Mrs. Arvig. These girls occasionally sleep in the bedroom where the children sleep, the other one being used by Mr. and Mrs. Arvig. The telephone office is the only building in town from which the public may make long-distance calls at any hour of the night. The service requires a messenger for incoming calls, and Mr. Arvig, in the interest of economy, so serves. He also does the janitor service about the building. There is no night police protection in Pequot, and

the evidence is that a girl operator would not serve in the open exchange at night without the presence of others in the building.

■ Our statute imposing the gross earnings tax is based upon the assumption that the property will be held and used for telephone purposes. State ex rel. Minnesota T. Ry. Co. v. District Court, 68 Minn. 242, 71 N. W. 27; State v. Twin City Tel. Co. 104 Minn. 270, 286, 116 N. W. 835. Where property is principally used for telephone purposes, though it is not exclusively so used, it is covered by the gross earnings tax. State ex rel. Minnesota T. Ry. Co. v. District Court, 68 Minn. 242, 247, 71 N. W. 27. The true rule is that property owned by a telephone company is exempt from an ad valorem tax if it is principally devoted to telephone use and not subordinated to other uses. Such use by the gross earnings taxpayer must be reasonably necessary, ordinary, and usual in the operation of its business. State v. G. N. Ry. Co. 142 Minn. 173, 171 N. W. 317; State v. N. W. Tel. Exch. Co. 96 Minn. 389, 104 N. W. 1086; State v. N. W. Tel. Exch. Co. 84 Minn. 459, 87 N. W. 1131. See Anno. 80 A. L. R. 255. It has been said that "perhaps the phrase 'reasonably required in the exercise of sound business prudence' would express the idea fairly well." Terminal Warehouse Co. v. City of Milwaukee, 205 Wis. 607, 612, 238 N. W. 513, 515, 80 A. L. R. 247, Anno. 252. Whether a gross earnings taxpayer must pay an ad valorem tax on real estate which it owns depends upon its main or principal use. Incidental, partial, or occasional use for other purposes is not the controlling test. Anno. 80 A. L. R. 255.

Emphasis is placed upon the language used by Mr. Justice Collins in State v. N. W. Tel. Exch. Co. 84 Minn. 459, 463, 87 N. W. 1131, 1133, wherein he stated: "No one can see to what corporate purposes such a company could devote * * * a dwelling house." Obviously the justice did not have in mind any such situation as we now have before us. It was held in Detroit & S. P. R. Co. v. City of Detroit, 81 Mich. 562, 46 N. W. 12, that the dwelling house occupied by the man in charge of a toll bridge was kept and used for corporate purposes; so also a section house along a rail-

road right-of-way in Vicksburg & M. R. Co. v. Bradley, 66 Miss. 518, 6 So. 321.

In this case we have a building, in form a dwelling house, and in a restricted sense used as such, but which is principally and reasonably necessarily devoted to the use of the telephone business. It is practically, economically, and prudently used in such business. Such use includes exchange, warehouse purposes, sleeping quarters for employes, garage for the company's motor vehicles; and, indeed, except that it shelters the three children, it may well be said that it is devoted solely or exclusively to the business of a telephone company. The children's occupancy is incidental, trivial, and ineffectual to destroy such use by defendant for the purposes of its business. There is nothing in this arrangement impeaching defendant's good faith in this apparently practical and economical operation of its business. It follows as a matter of law, from the undisputed facts, that the property here involved is principally devoted to the telephone business in a reasonably necessary, ordinary, and usual way.

■ It will not do to attempt to apportion the amount of the use of property by the company in its business and the amount of the use by it for other purposes. Property is either devoted to the telephone business, to the extent and of the character indicated, or it is not. The whole is taxable on an ad valorem basis, or no part thereof is to be so taxed. There is no room for neutrality or division. The whole must follow the principal use. There is no machinery in the law for apportioning the use and having a definite and satisfactory conclusion in case some uncertain fractional portion of the property should be sold for the nonpayment of an ad valorem tax.

Reversed.

OLSEN, JUSTICE, took no part.