CITY OF ST. PAUL *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

July 3, 1888.

**Taxation—Exemption of Railway Property not in Use.**— *Held* that, upon the evidence in this case, the court below was justified in holding that the real estate in question was not exempt from taxes and assessments under the 18th section of the charter of the St. Paul, Minneapolis & Manitoba Railway Company, as construed in *County of Todd* v. *St. Paul, M. & M. Ry. Co.*, 38 Minn. 163.

In proceedings for grading Dale street in St. Paul, an assessment of $243.52 for the cost of the improvement was laid upon a tract of about 27 acres belonging to defendant. The assessment not having been paid, and the city having applied for judgment against the land, the defendant appeared and objected that the land was within its charter exemption from taxes and assessments. The cause was thereupon heard by *Brill*, J., who overruled the objections and ordered judgment against the land. The company then sued out this writ of *certiorari*.

At the trial it appeared that the land had been purchased to enlarge the company's terminal grounds, but had not yet been put to that use.

*M. D. Grover* and *S. L. Campbell,* for relator.

*W. P. Murray* and *Alfred S. Hall,* for respondent.

MITCHELL, J.   *Certiorari* to review the order of the district court overruling relator's objections to the assessments, and granting the application of the city for judgment against relator's land.   The only question in the case is whether the land was exempt from taxes and assessments under section 18 of relator's charter.   The construction of this section, and a similar one in another charter, has been recently before this court.   *County of Ramsey* v. *Chicago, Mil. & St. Paul Ry. Co.,* 33 Minn. 537, (24 N. W. Rep. 313;)   *County of Todd* v. *St. Paul, M. & M. Ry. Co.,* 38 Minn. 163, (36 N. W. Rep. 109.)   We have held in these cases that the exemption from taxation extends only to such property as may be fairly said to be held and presently used for railroad purposes; and that property not so used, although held with the purpose at some future time of devoting it to such use, is not within the exemption.   It was said, however, that this does not mean that the exemption will not under any circumstances apply to property not for the time in actual use, as the word is ordinarily applied; that, as some time must necessarily elapse between the date of the acquisition of property and the date at which it can be prepared for and put to actual use for railroad purposes, hence lands purchased in good faith for the purpose of so using them as soon as *present plans* are fully executed, and the process of appropriating them to such uses proceeds without unreasonable delay, would be within the fair construction of the exemption, although not yet put to actual use.   But the exemption would not apply to lands not being thus appropriated to use, but merely held for possible, or even probable, future use.   As was said in *County of Ramsey* v. *Chicago, Mil. & St. Paul Ry. Co., supra,* these charters do not exempt the property from taxes, but provide a substituted method of taxation, based upon the assumption that the property of the companies will be used for railroad purposes, and thereby an income be derived, the percentage of which received by the state will be equivalent in its results to taxation of the property. In so far as the property is not so used, this end is not accomplished, because it yields no income to the corporation, and hence no revenue to the state.   Hence, while it may be, and doubtless is, wise railroad

management to buy and hold large tracts of land with reference to the probable or possible future needs of the road, yet such lands are not within the exemption until appropriated to present railroad uses, as that term has been already defined.

It remains to apply this rule to the facts of the present case. It is apparent from what has been said that no precise rule can be laid down that will determine with absolute certainty in every case whether the property is within the exemption. This will often be, under the evidence, rather a question of fact than of law. This is so to a certain extent in the present case. The court below did not, and was not required to, make any findings of fact, but merely overruled the objections to the assessments, and ordered judgment against the property. In reviewing this order the question for us to determine is whether the evidence would sustain the finding of such facts as would justify the conclusion that this property was not exempt. If it would, we cannot say that there was error. While there was no conflict of evidence, the president of the railway company being the only witness examined, yet, taking the whole of his testimony together, we think the conclusion might be fairly drawn from it that this property had been acquired and was being held merely for the possible, or perhaps probable, future use of the corporation, in view of its probable need of greater terminal facilities at some future time, but that it has never been appropriated, or put in process of appropriation, to any railroad use. If so, then, within the doctrine of the cases referred to, the land was not within the exemption. With this view of the case, it would subserve no good purpose for us to discuss the evidence, as each case must depend upon its own peculiar facts.

Writ quashed.