COUNTY OF HENNEPIN *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

December 26, 1889.

Taxation—Railway Company—Hotel.—The Lafayette Hotel, owned by a railroad corporation, and kept by its lessee as a hotel and place of summer resort, *held* not included within the exemption from ordinary taxation enjoyed by the corporation in respect to such of its property as is held and used for railroad purposes.

In proceedings in the district court for Hennepin county, to enforce the payment of taxes on real estate for the year 1887, remaining delinquent on the first Monday in January, 1889, the St. Paul, Minneapolis & Manitoba Ry. Co. appeared and objected to the taxes assessed against the Hotel Lafayette and the grounds belonging thereto, on the ground that the property was exempt from taxation under the provision of the company's charter exempting its property from ordinary taxation on payment of a percentage of its gross earnings. The action was tried before *Smith*, J., whose findings are in substance as follows:

Prior to 1886, the railway company built a branch from its main line of railway near Wayzata, on the north shore of Lake Minnetonka, to Minnetonka Beach and beyond, which it has since operated from April to October of each year, running trains for the accommodation of the residents of St. Paul and Minneapolis, many of whom have cottages near the lake and reside in them during the summer with their families, and others who resort there for pleasure and comfort, many of whom are guests of the Hotel Lafayette, a large and commodious hotel, built by the company prior to 1886. The branch road is built alongside the hotel grounds and near the hotel; and on

adjacent property the company have built and maintained a passenger station for the accommodation of persons resorting to the hotel, cottages, and the lake, with refreshment stands and grounds for their reception and amusement; the hotel and its appurtenances being separate and distinct from the station and refreshment stands. The hotel and grounds have each year been leased by the company during the summer season for hotel purposes, being open to the public generally from the 20th of April to the 10th of September, and closed during the remainder of the year; the company receiving for its rent a percentage of the profits of the business, which rent has been insufficient to pay insurance and expenses of keeping the property in repair. More than 90 per cent. of the guests of the hotel go to and from it on the company's railway. The hotel is of great convenience to the people who go to that side of the lake by means of the company's railway, as well as to those who go there by other means of conveyance, and contributes to the company's business and its income derived from such business. The hotel receipts are not included in or returned by the company in its returns of gross earnings for the purpose of taxation under its charter. The hotel is not used in any way in connection with the operating of the railway, except as a place for persons who travel over the railway to stop, and it is not kept exclusively for that purpose, but it is kept open and used for the accommodation of all guests and travellers, whether arriving or departing on defendant's trains, or by boats, or by any other mode of private or public conveyance.

The court also found that the company had paid into the state treasury the full amount of the percentage of its gross earnings required by its charter during the year for which the taxes were levied. Upon these findings judgment was ordered and entered against the property for the taxes levied and delinquent, with penalties and costs; and on application of the company the case was certified to this court.

*Robert Jamison* and *Frank M. Nye,* for plaintiff.

*Benton & Roberts* and *M. D. Grover,* for defendant.

DICKINSON, J. Upon the facts set forth in the findings of the district court, we are called upon to review its decision holding that the

Lafayette Hotel property at Lake Minnetonka, owned by the above-named railroad company, is subject to taxation in the ordinary manner, not being exempt therefrom under the charter provision of that corporation relating to the payment of a per centum of its gross earnings in lieu of other taxation. The decision of the district court should be sustained. In principle this case is not distinguishable in any particular favorable to the railroad company from that of *County of Todd* v. *St. Paul, M. & M. Ry. Co.*, 38 Minn. 163, (36 N. W. Rep. 109.) We refer to our opinion in that case, and to the authorities there cited, as being applicable to the question now under consideration. See, also, *State* v. *Northern Pac. R. Co.*, 39 Minn. 25, (38 N. W. Rep. 635;) *State* v. *Balt. & Ohio R. Co.*, 48 Md. 49, 77, 78; *Bank* v. *Tennessee*, 104 U. S. 493; *Chicago, Mil. & St. Paul Ry. Co.* v. *Board of Supervisors*, 48 Wis. 666, 675, (5 N. W. Rep. 3,) and cases cited. The hotel was constructed and is owned by the railroad company. It is rented by the company and used by the lessees for general hotel purposes, and as a place of summer resort. The only connection or relation between the hotel business and the proper business of the railroad company, as a carrier of passengers and freight, is that it contributes largely to increase the volume of travel over the railroad; nearly all of the visitors and guests at the hotel taking passage to and from that place over this line of road. That fact, which is relied upon in support of the claim that the hotel is reasonably and properly a part of the railroad business, necessary to its maintenance, does not justify that claim. The hotel business is in its nature wholly distinct from that for which the railroad corporation was created. It bears no other relation to railroad operations than does any enterprise which may promote travel or bring goods into the channels of commerce. But the railroad company cannot employ its capital in every such collateral and distinct enterprise as may thus promote its business as a common carrier, and claim, as attaching to such investments, the peculiar exemption from the ordinary burden of taxation which may be accorded to its property which is devoted to the proper business of a common carrier. See authorities above cited. Whether a hotel, kept by a railroad company for the reasonably necessary and proper accommodation of its passengers as

such, would be exempt, we do not decide, for this is not such a case. This hotel, as we understand, both from the findings of the court and from the argument of counsel, is not for the purpose of ministering to the comfort and needs of passengers in the course of travel, but is kept as a hotel for the general accommodation of the public, and more particularly as an attractive place of summer resort. The distinction is illustrated in *State* v. *Balt. & Ohio R. Co.*, and in *Chicago, Mil. & St. Paul Ry. Co.* v. *Board of Supervisors*, *supra*, and cases cited. It does not affect the case that the sole purpose of the railroad company is by this means to increase the amount of travel over its road. The means employed consist in the investment and use of property in a kind of business, wholly distinct from, and bearing no proper relation to, that of a common carrier. The decision of the district court is affirmed.