The Chicago and Northwestern Railway Company
*v.*
The People *ex rel.* McGough, County Collector.

*Opinion filed February 21, 1902.*

1. RAILROADS—*what is not "railroad track" within the meaning of the Revenue act.* A tract of twenty-nine acres of land owned by a railroad company, adjoining its right of way and having thereon buildings, pens and other appliances for unloading, yarding and feeding sheep, but having no railroad track thereon except a stub four or five hundred feet long shut off from the right of way by a gate and used to transport cars of feed to the buildings in the yard, is not "railroad track" for the purposes of assessment for taxes within the meaning of section 42 of the Revenue law.

2. SAME—*definition of term "railroad track" as used in the Revenue act.* To constitute real estate "railroad track" for purposes of assessment for taxation it must be substantially appropriated to and used for right of way purposes and not simply for general railroad purposes, though it need not be used for main tracks only, but may include side or second tracks, stations and superstructures.

3. SAME—*local assessor not bound by county clerk's schedule.* If a railroad company returns to the county clerk as "railroad track" real estate which the statute denominates "other than railroad track," it is the duty of the local assessor to assess such real estate, and he is not bound to follow the schedule furnished by the county clerk. (*Iowa Central Railway Co.* v. *People*, 156 Ill. 373, explained.)

4. SAME—*assessment by State board no bar to sale for tax on local assessment.* An assessment for taxes by the State Board of Equalization upon the real estate of a railroad company, based upon the voluntary but improper return of such property by the company as "railroad track," cannot be availed of as an objection to the sale of such real estate for the delinquent tax extended upon an assessment properly made by the local assessor. (*Chicago, Burlington and Quincy Railroad Co.* v. *People*, 136 Ill. 660, adhered to.)

APPEAL from the County Court of Kane county; the Hon. M. O. SOUTHWORTH, Judge, presiding.

BOTSFORD, WAYNE & BOTSFORD, for appellant:

Property in use for railroad purposes and connected with main and side tracks, or appurtenant thereto, and convenient for the practical management of the business of a railway, will be held as "railroad track." *Railroad*

*Co.* v. *People*, 98 Ill. 350; *Railroad Co.* v. *People*, 129 id. 571; *People* v. *Railroad Co.* 116 id. 181; *Railroad Co.* v. *People*, 4 Ill. App. 468.

The assessment of "railroad track" by a local assessor is void where the same has been assessed by the State Board of Equalization. *Railroad Co.* v. *People*, 98 Ill. 350; *Railroad Co.* v. *Goar*, 118 id. 134; *Railroad Co.* v. *People*, 129 id. 571; *Railroad Co.* v. *Grant*, 167 id. 489; *Railway Co.* v. *People*, 156 id. 437.'

The local assessor must follow the schedule furnished by the county clerk, and cannot, on his own view, determine whether land other than "railroad track" is or has been omitted from such schedule. *Railroad Co.* v. *People*, 156 Ill. 373; *Railroad Co.* v. *Goar*, 118 id. 134; *Railroad Co.* v. *People*, 130 id. 62; *Railroad Co.* v. *Mathews*, 152 id. 153.

The State Board of Equalization, by statute, is authorized to investigate property of railway companies scheduled for taxation as "railroad track," and "by committee, or otherwise, to examine persons and papers." Starr & Cur. Stat. par. 110, p. 3442; *Railroad Co.* v. *People*, 98 Ill. 360.

The practical mode for determining what may be assessed as "railroad track" is to find if such lands are actually in use for railroad purposes, and whether necessary and convenient for the conduct of the business of the company. *Railroad Co.* v. *People*, 129 Ill. 571; *Railroad Co.* v. *People*, 156 id. 437.

Where separate tracts of land are owned by a railway company, one assessable as "railroad track" and the other as "lots and lands other than railroad track," each subdivision should be separately assessed and taxed. *People* v. *Railroad Co.* 96 Ill. 371; *Railroad Co.* v. *People*, 99 id. 464.

Concerning what property may be held and used by a railway company for the beneficial or necessary transaction of its business, and which may be included within the term "right of way" or "railroad track," the following decisions are in point: *Railway Co.* v. *Bayfield Co.* 58 N. W.

Rep. 245; *Railroad Co.* v. *Supervisors,* 5 id. 3; *Auditor General* v. *Railway Co.* 72 id. 992; *Railroad Co.* v. *Detroit,* 50 id. 302; *Railroad Co.* v. *Lancaster County,* 18 id. 71; *Railroad Co.* v. *Miller County,* 55 S. W. Rep. 926.

W. J. TYERS, State's Attorney, and RUSSELL & HAZLEHURST, for appellee:

The statute divides the property of railroads into two classes, viz., "railroad track" and "all real estate other than that denominated railroad track." With the first of these the town assessor has nothing to do; the latter should be assessed by him as "other property." *Railroad Co.* v. *People,* 4 Ill. App. 468.

Where stations and other improvements are erected on the right of way of a railway company they may be regarded as a part of the railroad track, within the meaning of section 42. The construction by a railroad company of its passenger station on land adjoining its right of way will not, *ipso facto,* have the affect of constituting such land a part of its right of way or railroad track. *Railroad Co.* v. *People,* 136 Ill. 660.

If a railway company erroneously schedules lots as part of its railroad track when in fact they have never been appropriated for such use, and they are assessed by the State board as part of the railway track, this will not interfere with the duty of the local assessor to assess the same or of the proper officers to extend the taxes on such local assessment. *Railroad Co.* v. *People,* 136 Ill. 660.

In case the levy of an invalid tax by the State Board of Equalization is brought about by the land owner's own voluntary act in returning the land as "railroad track" when it is not any part of such track, a payment of such tax must be regarded as a voluntary payment, in respect of which the law affords no remedy. *Railroad Co.* v. *People,* 136 Ill. 660; *Railroad Co.* v. *People,* 153 id. 409.

Objections not going to the substantial justice of the tax are not available on application for sale. *Railroad*

*Co.* v. *People,* 109 Ill. 20; *Buck* v. *People,* 78 id. 560; *Chiniquy* v. *People,* id. 570.

Mr. Justice Hand delivered the opinion of the court:

This is an appeal from a judgment of the county court of Kane county against certain delinquent real estate belonging to the appellant, known as the LaFox Sheep Yards, situated near LaFox station, in the township of Blackberry, Kane county, Illinois, and described as lot 4 of the south-west quarter of section 2, township 39, range 7, containing 29.23 acres, with the improvements thereon, for the taxes claimed to be due for the year 1900. The taxes in question were levied on said land upon an assessment made by the local assessor, and upon application by the county collector for judgment the appellant appeared and filed objections, which being overruled, judgment was rendered against the land for the amount of said taxes. The objections were, in substance, that said land constituted a part of the property of appellant denominated by the Revenue law "railroad track," and that the assessment thereof by the local assessor was without authority of law, and void, and that the appellant, in the year 1900, duly returned said land to the county clerk of said county as a part of its right of way as "railroad track," and that upon such return said land was duly assessed by the State Board of Equalization, and that taxes for that year were duly extended upon such assessment and had been paid by the appellant.

If the land in question belongs to that class known in the Revenue law as "railroad track," then it was assessable by the State Board of Equalization and the local assessor had no power to make the assessment. If, on the other hand, the land is real estate other than "railroad track," then the assessment by the local assessor was valid and the judgment rendered, regular. The principal question, therefore, to be determined in this case is whether said land is a part of the appellant's "railroad

track," within the meaning of sections 41 and 42 of the Revenue law. (Hurd's Stat. 1899, p. 1401.)

Section 41 thereof requires railroad companies to make out and file with the county clerk of each county in which their railroads may be located, a statement or schedule "showing the property held for right of way, and the length of the main and all side and second tracks and turn-outs in such county, and in each city, town and village in the county, through or into which the road may run, and describing each tract of land, other than a city, town or village lot, through which the road may run, in accordance with the United States surveys, giving the width and length of the strip of land held in each tract, and the number of acres thereof. They shall also state the value of improvements and stations located on the right of way." Section 48 requires the railroad company at the same time to return a schedule to the Auditor of Public Accounts of the property denominated "railroad track," giving the length of the main and side or second tracks and turn-outs, etc., and subsequent sections require these schedules to be laid before the State Board of Equalization, and authorize and provide for an assessment of the property thus scheduled by said board. Section 46 provides that "all real estate, including the stations and other buildings and structures thereon, other than that denominated 'railroad track,' belonging to any railroad, shall be listed as lands or lots, as the case may be, in the county, town, village, district or city where the same are located." Section 47 directs the county clerk to return to the assessor of the town or district, as the case may require, a copy of the schedule of the real estate other than "railroad track," and of the personal property other than "rolling stock," pertaining to the railroad, and provides that such real and personal property shall be assessed by the assessor. It further provides that such property shall be treated in all respects, in regard to assessment and equalization, the

same as other similar property belonging to individuals, except that it shall be treated as property belonging to railroads, under the terms of "lands," "lots" and "personal property." Section 49 provides: "If any person, company or corporation, owning, operating or constructing any railroad, shall neglect to return to the county clerks the statements or schedules required to be returned to them, the property so to be returned and assessed by the assessor shall be listed and assessed as other property." Section 77 provides: "If the assessor finds that any real estate subject to taxation, or special assessment, has not been returned to him by the clerk, or if returned, has not been described in the subdivisions, or manner required by section 66 of this act, he shall correct the return of the clerk; and shall list and assess such property in the manner required by law." And section 42 defines what shall be denominated "railroad track" within the meaning of the Revenue law, as follows: "Such right of way, including the superstructures of main, side or second track and turn-outs, and the station and improvements of the railroad company on such right of way, shall be held to be real estate for the purposes of taxation, and denominated 'railroad track,' and shall be so listed and valued; and shall be described in the assessment thereof as a strip of land extending on each side of such railroad track, and embracing the same, together with all the stations and improvements thereon, commencing at a point where such railroad track crosses the boundary line in entering the county, city, town or village, and extending to the point where such track crosses the boundary line leaving such county, city, town or village, or to the point of termination in the same, as the case may be, containing . . . . . . acres, more or less, (inserting name of county, township, city, town or village, boundary line of same, and number of acres, and length in feet,) and when advertised and sold for taxes, no other description shall be necessary."

It appears from the evidence that the land in question adjoins the right of way of the appellant on the south, is entirely surrounded by a fence, has located thereon barns, sheep yards, sheep pens, an elevator, water tank, electric light plant and other appliances necessary for yarding and feeding sheep; that the only railroad track located thereon is a stub, some four or five hundred feet in length, used for the convenient unloading at the buildings of cars of feed for use in the yard, which is shut off from the right of way by a gate when not in use, and that the yard is so arranged that sheep can be conveniently loaded and unloaded through chutes onto and from cars on the main and side-tracks, directly into and from the yard. We think it clear the real estate in question cannot be said to be in any proper sense "railroad track," within the definition of that class of real property, as given by section 42 of the Revenue law.

In *Chicago, Burlington and Quincy Railroad Co.* v. *Paddock*, 75 Ill. 616, it is said (p. 617): "Under the Revenue law * * * the right of way, including the superstructures of main, side or second track and turn-outs, and the stations and improvements of the railroad company on such right of way, are declared to be real estate for the purpose of taxation and denominated 'railroad track,' and must be so listed and valued. 'Railroad track' is to be assessed by the State Board of Equalization, but all other real estate, including the stations and other buildings and structures thereon, is to be assessed by the local assessors. * * * By the 'right of way' can only be understood the land used as a way for the road, and not such additional ground as may be used for the convenience of the road, but not as a part of its 'way.'"

In *Chicago and Alton Railroad Co.* v. *People*, 98 Ill. 350, we said (p. 360): "A tract of land cannot be regarded right of way merely because one or even two or more side-tracks may be constructed upon or over it, but the land must be appropriated * * * to that purpose."

In *Chicago, Burlington and Quincy Railroad Co.* v. *People*, 136 Ill. 660, it is said (p. 665) the lands in question "are not and never have been actually appropriated by the appellant as a part of its right of way, and so does not come within the definition of 'railroad track.'"

The statute divides the real property of railroads into two classes, viz., "railroad track," and "all real estate, including the stations and other buildings and structures thereon, other than that denominated 'railroad track.'" To hold this land "railroad track" would, in effect, be to abrogate section 46 of the statute, which provides for the assessment of the real estate of railroad companies other than that denominated "railroad track." In order that real estate may be denominated "railroad track" it need not be confined to the land over which the main track of a railroad company is constructed, but may include side or second tracks and turn-outs, with the superstructures, stations and improvements thereon. It must, however, be substantially appropriated for right of way purposes and in use for such purposes, and all real estate belonging to a railroad company not so used should be assessed as "real estate other than that denominated 'railroad track.'" The fact that real estate is used for railroad purposes will not make it assessable as "railroad track." To properly denominate it "railroad track" it must be used as right of way and not otherwise. In discussing this question in *Chicago and Northwestern Railway Co.* v. *Miller*, 72 Ill. 144, it is said (p. 147): "We must take the averment in the bill that these lots are used by appellant as right of way, confessed, as it is, by the demurrer, to be true. It then follows that under the forty-second section they fall under the denomination of 'railroad track.'" In *Ohio and Mississippi Railroad Co.* v. *Weber*, 96 Ill. 443, it is held that the term "railroad track" embraces property held for right of way, including superstructures thereon. In *Chicago and Alton Railroad Co.* v. *People, supra*, it was held a tract of land in the city of Bloomington containing

something over thirty-two acres was a part of the "railroad track" of the Chicago and Alton Railroad Company. It appeared that the main tracks of the company ran across said land, occupying a strip of land one hundred feet in width, and that upon the residue of said land were situated the car shops, machine shops, blacksmith shops, foundry, round-house, freight depot, stock yards, paint shops, etc., of said company, and that the entire tract was covered with railroad tracks continually in use for the purpose of running the cars and engines over them, and for switching cars, making up trains, loading and unloading cars, and for various other purposes in the transaction of the company's business as a common carrier, and it was said that the land "in actual use by the railroad company for side-tracks, switches and turn-outs must be regarded, within the meaning of the Revenue law, as a part of the right of way of the company." In *Chicago and Alton Railroad Co.* v. *People,* 129 Ill. 571, land constituting the actual right of way of the company's side-track running from the company's main track to a stone quarry owned by the company, and which it was working for the purpose of obtaining stone for railroad purposes, was held a part of the company's right of way, within the meaning of the Revenue law, so as to be properly returned and assessed as part of its "railroad track." In *Chicago, Burlington and Quincy Railroad Co.* v. *People, supra,* certain lots and parts of lots bought by the railroad company near its right of way in the city of Quincy, and intended to be used for depot purposes in the future if the purchase of other property could be made, was held not to be "railroad track." The court say (p. 665): "Even if the title to the residue of the site for the proposed passenger station had been acquired and the station built, that alone would not necessarily constitute the lots in question a part of the appellant's 'railroad track.' Where stations and other improvements are erected on the right of way of a railroad company they may be regarded as a

part of the 'railroad track,' within the meaning of section 42 of the Revenue law; but section 46 clearly contemplates the possibility of stations and other buildings and structures of railroad companies not being on their right of way, and therefore not a part of their 'railroad track.' No railroad tracks have ever been constructed upon the lots in question here, and there is no proof in the record that the appellant contemplates the construction of any of the tracks thereon."

It is contended by appellant that the local assessor was bound to follow the schedule, furnished to him by the county clerk, of lands of the appellant to be assessed other than as "railroad track," and that of his own motion he had no power to assess the land in question. We do not agree with this contention. The statute required the railroad company to return and file with the county clerk sworn lists of its property. It returned the property in question as "railroad track" when it should have returned it as "real estate other than that denominated 'railroad track.'" In that respect it neglected to return to the county clerk the statements or schedules required to be returned to him by statute, in which case sections 49 and 77 of the statute made it the duty of the local assessor to list and assess such real estate as omitted property, and this property having been omitted from the list of real estate other than that denominated "railroad track," was rightfully assessed by the local assessor. (*Wabash, St. Louis and Pacific Railway Co.* v. *Johnson*, 108 Ill. 11.) In *Chicago and Alton Railroad Co.* v. *People*, 98 Ill. 350, the property in question had been assessed by the State Board of Equalization as "railroad track," also by the local assessor. The court say (p. 354): "If the property in question belongs to that class known in the Revenue law as 'railroad track,' then it was assessable by the State Board of Equalization, and the township assessors had no power to make the assessment. * * * If, on the other hand, the property is real estate * * *

195—13

other than railroad track, then the assessment by the township assessors was valid and the judgment rendered regular." In *Chicago, Burlington and Quincy Railroad Co.* v. *People, supra,* the identical question raised here was raised there, and the court, in holding adversely to the contention of appellant, said (p. 662): "The determining question in the case is whether said lots constituted a part of the appellant's 'railroad track,' within the meaning of sections 41 and 42 of the Revenue law. If it did, the local assessor had no power to assess it and the taxes levied upon such assessment are invalid. If, on the other hand, it was not a part of said 'railroad track,' the local assessor was the proper officer to make the assessment, and it is difficult to see how the taxes levied on his assessment can be affected by the fact that the appellant improperly and falsely returned said lots as a part of its 'railroad track,' and thus caused its assessment by the State Board of Equalization and its taxation upon that assessment." And in reply to the argument that such holding would subject the property sought to be taxed to double taxation, the court said (p. 669): "If that is the case, it is so by reason of an act for which the appellant alone is responsible. Its error in scheduling said lots as a part of its 'railroad track' in no way interfered with the right and duty of the local assessor to assess said lots, or of the proper officers to levy and extend the taxes upon such assessment. The invalid tax was that levied on the assessment of the State Board of Equalization, and that assessment having been brought about by the appellant's own voluntary act and the taxes levied thereon having been voluntarily paid by it, such payment must be regarded as a voluntary payment, in respect to which the law gives the appellant no remedy."

While it is admitted by the appellant that the decision in *Chicago, Burlington and Quincy Railroad Co.* v. *People, supra,* is not in accord with its contention, it is urged that the decision in that case is in conflict with a number

of cases decided by this court prior and subsequent to such decision. We have examined each of the cases referred to, and while we find some expressions therein which apparently may be in conflict with the case hereinbefore cited, when considered in connection with the facts upon which such decisions were based, we find no real conflict. In the cases relied upon, with one or two exceptions, the property assessed was held to be properly assessed as "railroad track," and the statements found therein that under such circumstances the local assessor is without jurisdiction to assess the property is entirely correct.

In the case of *Iowa Central Railway Co.* v. *People*, 156 Ill. 373, relied upon by appellant, the railroad company returned the property sought to be assessed as real estate other than railroad track, which was assessed by the local assessor as such. On application for judgment the railroad company sought to show that it was "railroad track" and should have been assessed as such, and it was held by the court that it having returned the property as "real estate other than 'railroad track,'" it was bound by such return, and could not defeat the tax by showing, as a matter of fact, it was a part of its right of way and should have been included under the denomination "railroad track." While there are some expressions in the opinion to the effect that the local assessor is to be governed by the statement made in the schedule filed by the railroad company, that opinion does not overrule the case of *Chicago, Burlington and Quincy Railroad Co.* v. *People, supra*, nor does it hold that where a railroad company has returned property as "railroad track" which should have been returned as "real estate other than that denominated 'railroad track,'" the local assessor is bound by such schedule as certified to him by the county clerk and is powerless to assess such property, as no such question was presented in that case for decision.

There are several objections urged against this tax which are technical in their character and do not affect the substantial justice of the tax. The record discloses the means whereby the amount of tax levied upon this tract can readily be separated from the tax levied upon the tract south of it, and the description of the premises, when taken as a whole, is sufficiently definite.

We are of the opinion that the real estate in question was not properly assessable as "railroad track," but that the same was assessable as "real estate other than that denominated 'railroad track,'" by the Revenue law, and that the same was properly assessed as such by the local assessor.

The judgment of the county court will therefore be affirmed.          *Judgment affirmed.*