CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. J. E. RHEIN, Treasurer, etc., Appellant.

**Taxation:** TELEGRAPH LINES: ASSESSMENT. The telegraph line of a railway company which is not used exclusively in the transaction of its own business should be assessed by the Executive Council under the provisions of Code Section 1328, and is not taxable as railroad property under Code, Sections 1334 and 1336; and it is no defense to a recovery of the tax assessed under the former statute that it has voluntarily paid an illegal assessment under the latter statutes, or that it has for previous years paid similar erroneous assessments.

*Appeal from Des Moines District Court.*— HON. JAMES D. SMYTH, Judge.

WEDNESDAY, JULY 3, 1907.

SUIT in equity to restrain the defendant as treasurer of Des Moines county, from collecting a tax assessed against the appellee on its telegraph line. A demurrer to the petition was overruled, and, the defendant refusing to plead further and electing to stand upon his demurrer, there was a judgment for the plaintiff, from which the defendant appeals. — *Reversed.*

*H. F. Kuhlemeier,* for appellant.

*W. W. Baldwin* and *E. M. Shelton,* for appellee.

SHERWIN, J.— The plaintiff railroad company owns approximately eight hundred miles of telegraph lines and equipments in the State of Iowa situated on their right of way between Burlington and Council Bluffs, Iowa. The lines are used in the ordinary manner for the transaction of railroad business, and are necessary for the proper operation of its railroad. In addition to their use for railroad

purposes, they were leased to the Western Union Telegraph Company, and are used by said company for carrying on commercial telegraph business. For the year 1901, the appellee made return in proper form to the executive council under the statutory tax provision, and included in such return the telegraph lines in question, and, in its report as to gross revenue, it also included all revenue received under the contract of lease to the Western Union Telegraph Company. The appellee's property was valued by the executive council presumably on the report so filed, and the result was certified to Des Moines county, and its holdings in said county were duly assessed in conformity therewith, and the taxes levied under such assessment were duly paid. Later the executive council for the same year placed a valuation on the telegraph property now under consideration under the provisions of the statute relating to such property. This valuation was also certified to Des Moines county, and it is to enjoin the collection of this latter tax that this suit was brought.

Code, section 1334, so far as material to the question now under consideration, provides as follows: " On the first Monday in March in each year, the executive council shall assess all the property of each railway corporation in the State excepting the lands, lots and other real estate belonging thereto not used in the operation of any railway, and excepting railway bridges across the Mississippi and Missouri rivers, and excepting grain elevators; and for the purpose of making such assessment, its president, vice-president, general manager, general superintendent, receiver, or such other officer as the council may designate shall, on or before the 15th day of February each year, furnish it a verified statement showing in detail for the year ending December thirty-first next preceding." Among other requirements of the subdivisions of this section is the following, under No. 7 thereof: " The number of miles of telegraph lines owned and used within the State." Section 1336 provides: " The

said property shall be valued at its actual value, and the assessment shall be made upon the taxable value of the entire railway within the State, except as otherwise provided, and shall include the right of way, roadbed, bridges, culverts, rolling stock, depots, station grounds, shops, buildings, gravel beds and all other property real and personal exclusively used in the operation of such railway."

It is a familiar rule of statutory construction that the several provisions of the statute relating to the same subject-matter shall be construed together in determining the legislative intent, and with this rule in mind it is not difficult to ascertan the legislative intention as to the assessment of railroad property by the executive council. While section 1334 provides in general terms that the executive council shall assess all the property of any railway corporation in the State, with the exception therein noted, section 1336 fully and specifically points out what is meant by the term "all the property," used in 1334. It will be noticed that section 1336, after enumerating certain property which is generally known to be exclusively used in the operation of a road, says that the executive council shall make the assessment "upon all other property real and personal exclusively used in the operation of such railway." The language of this section, in our judgment, clearly excludes from the action of the executive council property owned by a railway company which is not exclusively used in the operation of such railway. To hold otherwise would be to disregard the plain and unambiguous language of section 1336, wherein the property to be assessed is specifically pointed out, and to give undue force and effect to the general language of section 1334.

Turning to section 1332, relating to the assessment of telegraph and telephone companies, we find this provision: "No telegraph line shall be assessed which is owned and operated by any railroad company exclusively for the transaction of its business, and which has been duly reported as

such in its annual report under the laws providing for the taxation of railroad property." In enacting sections 1332 and 1336, the Legislature was dealing with the question of the assessment of property used in operating telegraph or telephone lines and in operating railways. The subject-matter was therefore the taxation of certain properties within the State, and, as we have heretofore said, these two sections should be construed together and in connection with the other provisions relating thereto in determining what property was to be taken into consideration by the executive council in assessing either telegraph and telephone companies or railway companies. The provision of section 1332, that no telegraph line which is owned and operated by any railroad company exclusively for the transaction of its business shall be assessed under the provisions of section 1328 of the Code, is entirely consistent with section 1336, and excludes from the operation of section 1328 all telegraph lines which are used exclusively in the operation of railways. It necessarily follows from this that, if a railroad company owns and operates a telegraph line which is not exclusively used in the operation of its road, it is not exempted from the operation of section 1328 by section 1332, and, under our holding that property not used exclusively in the operation of a railway is liable to taxation, regardless of the action of the executive council, there can be no question as to the right of the executive council to tax such telegraph line under the previsions of section 1328. *Herter v. C., M. & St. P. R.,* 114 Iowa, 330; *C. & N. W. R. Co. v. People,* 195 Ill. 184 (62 N. E. 869); *Hennepin Co. v. St. P., M. & M. R. Co.,* 42 Minn. 238 (44 N. W. 63); *State v. B. & O. R. Co.,* 48 Md. 49; *Bank v. Tenn.,* 104 U. S. 493 (26 L. Ed. 810); *M. & St. P. R. R. v. City of Milwaukee,* 34 Wis. 271.

The executive council had no authority, under sections 1334 and 1336, to assess the property in question as railway property within the meaning of said sections, and consequently the attempted assessment was void. It did have

authority, and it was its duty, to assess the telegraph line under the provisions of section 1328, and, such being the case, the fact that the appellee may have paid the tax assessed under the railroad statute would not relieve it from the assessment and tax under consideration, for the simple reason that a void assessment, though a tax may be levied and paid thereunder, does not affect a valid one. *C., B. & Q. R. Co. v. Kelley,* 105 Iowa, 106; *C. & N. W. R. Co. v. People,* 195 Ill. 184 (62 N. E. 869); *C., B. & Q. R. Co. v. People,* 136 Ill. 660 (27 N. E. 200). It was a mistake for the appellee to return the property in question for assessment under section 1334, and it having done so, and voluntarily paid the taxes levied thereunder, it cannot now complain.

The appellee urges that such property had been returned and assessed as railway property for many years, and that the construction given the statute by the executive council and by the railroad company is entitled to great consideration in arriving at the intention of the Legislature. This may be true in some instances, but it is in no way controlling on the courts when they are called upon to enforce a statute which is apparently plain and unambiguous.

We are of opinion that the district court was in error in overruling the demurrer and in entering judgment on the petition. The decree is therefore reversed, and the case remanded for a judgment not inconsistent with this opinion. — *Reversed.*