## IN RE REAL ESTATE TAXES AGAINST
## CERTAIN LANDS, ETC.

## STATE v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA
## RAILWAY COMPANY.[1]

July 5, 1918.

No. 20,894.

**Railway — taxation — land not used for a railway purpose.**

Under the evidence and findings certain real property owned by a railroad company was not "owned or operated for railway purposes" within G. S. 1913, § 2226, and was subject to an ad valorem tax and to an assessment for local improvements.

In the matter of the application to the district court for Faribault county for judgment against certain real estate in the city of Blue Earth belonging to defendant railway company for taxes and assessments for the year 1914, the company filed its answer, alleging the real estate was part of its right of way and depot grounds, held and used for railway purposes, and for which it had each year paid a gross earnings tax. The matter was heard by Dean, J., who made findings that the premises were not used for railway purposes, were subject to all general taxes and local assessments against them, and that the payment of the gross earnings taxes by the railway company did not exempt said premises from general and local assessments. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*James B. Sheean* and *Moore, Oppenheimer & Peterson,* for appellant.

*Henry J. Frundt,* County Attorney, and *Putnam & Carlson,* for respondent.

DIBELL, C.

This is a proceeding to enforce taxes, which included assessments for local improvements, on real property in the city of Blue Earth owned by the Chicago, St. Paul, Minneapolis & Omaha Railway Company.

[1]Reported in 168 N. W. 180.

There were findings and judgment for the state and the railway company appeals.

The railroad passes through Blue Earth in a northerly and southerly direction, and for a great distance passes between Hood street and Rice street which are adjoining streets paralleling each other and the railroad. When the company built its road, about 1879, it acquired title, either by purchase or condemnation, to certain real property, including blocks 80 and 89, which are adjoining blocks north and south, Hood street running to the east of them and Rice street to the west. The east and west width of the blocks is 300 feet, and the tracks and railroad buildings are rather more to the east than to the west of the center. The property sought to be taxed is lots 5 and 6 in block 80, and lots 5 and 6 in block 89. These lots adjoin Rice street, which is to their west, and run north and south a total distance of some 600 feet, the lots in these and other blocks being platted to face the east and west streets.

The railway company pays a gross earnings tax and if these lots are "owned or operated for railway purposes" within the meaning of G. S. 1913, § 2226, they cannot be subjected to a specific ad valorem tax nor to a tax for local improvements, and otherwise they may be. State v. Great Northern Ry. Co. 130 Minn. 480, 153 N. W. 879, and cases cited; State v. Northern Pac. Ry. Co. 139 Minn. 473, 167 N. W. 294, and cases cited. The trial court found that the lots were not so owned or operated.

The question presented is not one of difficulty. The company makes no actual use of the property. The greater portion is leased for lumber and coal yards, at a small or nominal rental, and though the leases may be terminated on short notice they have continued for many years. The fact of leasing is not, of course, a complete test of taxability though it bears upon the question of railway use. The uses to which the property is devoted are purely private. They are not railway uses at all. They are private uses in the same sense that they would be if conducted on property owned instead of leased by the users. The company could just as well conduct its business if its lessees owned the property. It is not used as a railway facility, nor as an adjunct to a railway use, nor as a convenience to railway operation, nor to give the public access to the road, nor in any public service of the company. There is no appli-

cation of it to a railway use in prospect. The statute should have a reasonable construction and one rather liberal to the company. If the property were held for prospective use at a reasonable time in the future, or if it were used as a convenience for railway operation or maintenance, or if it were left vacant for purposes of safety, or to give public access to the depot or tracks, it should not be taxed, for by a fair construction it would then bear its share of the public burden by the payment of the gross earnings tax. We hold that the property is taxable.

The principles involved have been frequently discussed and it is unnecessary to do more than cite the cases. County of Ramsey v. Chicago, M. & St. P. Ry. Co. 33 Minn. 537, 24 N. W. 313; County of Todd v. St. Paul, M. & M. Ry. Co. 38 Minn. 163, 36 N. W. 109; State v. Northern Pacific R. Co. 39 Minn. 25, 38 N. W. 635; City of St. Paul v. St. Paul, M. & M. Ry. Co. 39 Minn. 112, 38 N. W. 925; County of Hennepin v. St. Paul, M. & M. Ry. Co. 42 Minn. 238, 44 N. W. 63; County of St. Louis v. St. Paul & D. R. Co. 45 Minn. 510, 48 N. W. 334; State v. Minnesota T. Ry. Co. 68 Minn. 242, 71 N. W. 27; State v. Northwestern Tel. Exch. Co. 84 Minn. 459, 87 N. W. 1131; State v. Great Northern Ry. Co. 139 Minn. 469, 167 N. W. 297.

The taxation of this property does not involve a culling out of fragmentary pieces of railway property for taxation purposes such as was suggested in State v. Minnesota T. Ry. Co. 68 Minn. 242, 71 N. W. 27, not to be permissible. There is nothing in G. S. 1913, § 2003, providing that elevators and warehouses situated upon railroad land and not owned and operated in good faith by the railroad company shall be assessed as personal property in the district where located and in the name of the owner, opposed to our holding. This statute determines the character of such property for purposes of taxation and fixes the place of taxation. It recognizes the public character of elevators and warehouses and perhaps the propriety of a railroad company furnishing such an aid to transportation; but it specifically determines that railroad property shall not be devoted to such use by one not the owner without subjecting to taxation the instrumentalities added thereto. That a railroad right of way may be used for a public elevator is recognized by the statute which permits it to be condemned for such use, but not for private use. G. S. 1913, § 4506, et seq.; Stewart v. Great Northern Ry. Co. 65

Minn. 515, 68 N. W. 208, 33 L.R.A. 427. Such a use gives the public access to the means of transportation and does not remove the land occupied from railway use. The effect of the leasing of the property here involved for a private use, if it has any worth noting, is to obstruct access to the means of transportation.

In a note in L.R.A. 1916E, 413, a number of cases are collected, and the view we take seems in harmony with the cases coming from jurisdictions having a similar statute.

Judgment affirmed.