## STATE v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

### January 31, 1919.

### No. 21,109.

**Drain — liability of railroad land to assessment.**

1. The evidence warrants a finding that part of a tract of railroad property was owned and operated for railway purposes and was exempt from a ditch assessment and part of the tract was not so operated and was not so exempt.

**Same — exemption — court's conclusion of law.**

2. In passing on the validity of an assessment where part of a tract is exempt, the court should find as a conclusion what part is subject to the assessment.

**Same — when assessment is invalid.**

3. Where a single assessment is made against an entire tract and part of the tract is exempt, the whole assessment cannot stand against the property not exempt.

**Same — defense proper in enforcement of delinquent taxes.**

4. The objection that part of the tract is exempt and the assessment

[1]Reported in 170 N. W. 613.

therefore invalid may be raised by answer in proceedings to enforce delinquent taxes.

In proceedings in the district court for Freeborn county to enforce taxes and penalties remaining delinquent on real property on the first Monday in January, 1916, defendant railway company interposed an answer setting up that in proceedings to establish County Ditch No. 25 the board of viewers made its report in writing estimating the benefits to the several parcels of real estate described, and belonging to defendant, from the construction of the ditch in the full sum of $1,400, and the county auditor prepared a statement showing the aggregate amount of the assessment to be $588; that substantially all of said real estate was actually appropriated to and exclusively used for railroad purposes and for no other purpose; that all of the property was in fact assessed in bulk, and as one item, and in all of the proceedings it appeared that the right of way of said defendant was expressly included in the assessment. The facts are stated in the opinion. The matter was heard by Catherwood, J., who made findings and ordered judgment in favor of the state for $94.08, being the first instalment or one-tenth of the assessment of $588, with interest and penalties. Defendant's motion for amended and additional findings was granted. From an order denying its motion for a new trial, defendant appealed. Reversed.

*H. A. Morgan* and *Stringer & Seymour,* for appellant.
*Norman E. Peterson,* for respondent.

HALLAM, J.

1. A county ditch was established in Freeborn county in the vicinity of "Railroad Addition" to the city of Albert Lea. The viewers estimated "the benefits arising * * * to all * * * railroads, the roadbed or traveled track of which will be made better by the construction of said ditch" and reported said "benefits, names of roads and amount of benefits to each" in a tabulated statement attached. Defendant owns 17 lots and 7 parts of lots in Railroad Addition. The viewers found that substantially this whole tract was benefited and the whole tract was assessed as a unit. The amount of the assessment was $588. The assessment was not paid and the first instalment was included in the

annual delinquent tax list. Defendant answered, alleging among other things that its land was not subject to assessment. From an adverse decision defendant appeals.

The lots assessed are all contiguous except for intervening streets, but the tract is irregular in shape, owing to the fact that in some instances whole lots were purchased where only a strip was required. Part of this tract was covered by the roadbed, tracks and switches of the defendant railroad company and was owned and operated for railway purposes. Part of the tract, as we understand the amended findings of the trial court, was found not to be operated for railroad purposes. The trial court found that the whole assessment was a valid charge against defendant's property, "except such part thereof as is used  *  *  *  by the roadbed, tracks, switches and right of way of said railroad company," that is, the whole assessment was imposed as a charge upon the part of the property not operated for railroad purposes.

We think the evidence sustains the finding that part of this tract is not owned or operated for railroad purposes, within the principles laid down in State v. Chicago, St. P. M. & O. Ry. Co. 140 Minn. 440, 168 N. W. 180. Nor can it be said as a matter of law that the portions not so used are mere "fragments here and there" which the court will not take into account under the rule announced in State v. District Court of Ramsey County, 68 Minn. 242, 71 N. W. 27.

The part of the tract owned and operated for railway purposes was clearly not subject to assessment and was improperly assessed. G. S. 1913, § 2226; Patterson v. Chicago, R. I. & Pac. Ry. Co. 99 Minn. 454, 109 N. W. 993. The part not so used was subject to assessment. State v. Chicago, St. P. M. & O. Ry. Co. 140 Minn. 440, 168 N. W. 180.

2. Two difficulties confront us. The first is to determine from the record before us just what part of defendant's tract is subject to assessment. The trial court found in some detail the manner of use of the different parts of the tract, but did not find in terms what property is and what is not operated for railroad purposes. As to some parts of the tract the conclusion may be inevitable, but as to other parts we cannot say as a matter of law from the facts found whether the use and operation is or is not for railroad purposes. This is partly a conclusion

or inference of fact and partly a conclusion of law and the trial court should have determined both.

3. The second difficulty is more vital. It is this: The whole tract was assessed as a unit. Part of it was subject to assessment and part was exempt from assessment for the purpose for which this assessment was made. As the decision of the trial court now stands, the property subject to assessment is assessed not only for the benefit which it sustains but for the benefit to the exempted property as well. This in our opinion is erroneous. Land which is subject to assessment cannot be assessed for benefits to land which is exempt. A new assessment must be made of benefits to the property subject to assessment. This assessment cannot be made by the court. It must be made by the county board.

4. The claim is made that this objection should have been raised by appeal from the order of the county board confirming the assessment, and that, since no such appeal was taken, the right to make the objectin was waived. But the statute gives to the property owner the right to assert in his answer in this proceeding the defense that the property was not subject to taxation. G. S. 1913, § 2108; County of Chisago v. St. Paul & Duluth R. Co. 27 Minn. 109, 6 N. W. 454. In fact it gives him the right to raise the objection after judgment in the tax proceeding. G. S. 1913, § 2105. We think the statute permits the property owner by answer in this proceeding to raise the question that an assessment made against a single tract of land is invalid, on the ground that part of the tract is exempt from the assessment.

Order reversed.