IN THE MATTER OF THE ASSESSMENT OF BENEFITS ARISING FROM PAVING, ETC., ON MOUND BOULEVARD.

## CITY OF ST. PAUL v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

October 17, 1919.

No. 21,378.

**Confirmation of local assessment — levy under mistake of fact or erroneous principle — evidence admissible.**

1. Upon a hearing before the court upon application by the city of St. Paul for judgment confirming an assessment made for local improvement under section 247 of the city charter, testimony is admissible to prove that the assessment was not made under a mistake of fact or upon erroneous principles of law.

**Same — exemption of part of lot.**

2. If on such application it appears that part of a lot or parcel against which an assessment is sought is exempt from assessment, the judgment should eliminate that part from the assessment roll.

In the above entitled matter the city of St. Paul made application to the district court for Ramsey county for confirmation of the assessment of benefits, costs and expenses. Defendant railroad company filed an answer and alleged that it was a railroad company and paid a percentage tax upon its gross earnings in the state of Minnesota, that the parcels of land assessed were used and owned for railway purposes, and the city of St. Paul had not power to levy any assessment for such improvements upon them; that in levying the same the council did not make it upon the basis and in accordance with the benefits, but levied the same arbitrarily, and the property described derived no benefit whatsoever from the improvement. The matter was heard before Haupt, J., who made findings as stated in the second paragraph of the opinion, and ordered judgment in favor of the city. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

[1] Reported in 174 N. W. 310.

143—M. 29

*Barrows, Stewart & Metcalf,* for appellant.

*O. H. O'Neill* and *John A. Burns,* for respondent.

HOLT, J.

In the city of St. Paul on Dayton's bluff runs a street named Mounds Boulevard. Its course is nearly parallel to the river. The distance between the street and the river is approximately 300 feet where the appellant owns certain platted lots. This appeal arises in a proceeding to assess these lots for benefits on account of the construction of curbing, paving, ornamental lamp standards, etc., on Mounds Boulevard. The railway company appeared in court and objected to the entry of judgment confirming the assessment made against the lots on the ground that the land was exempt; that the assessment was levied arbitrarily; that it was made under a demonstrable mistake of fact and upon an illegal and erroneous principle of law.

The assessment roll or list as filed assessed the benefits against each lot as a whole, and did not in terms confine them to the portion between the street and the brow of the bluff. Upon the hearing had, the court found that the assessment was made in accordance with law; that "the objector, the Chicago, Burlington & Quincy Railroad, is, and for more than thirty years has been, a corporation common carrier, owning and operating lines of railroad within and without the state of Minnesota, and as such corporation pays annually to the treasurer of this state the legal percentage of its gross earnings in lieu of other taxation. Objector's railroad lines entering said city of St. Paul traverse the east shore line of the Mississippi river and are located adjacent to the bluff along said river, which bluff has a perpendicular elevation of 112 to 114 feet. The superficial soil deposits of said bluff average 8 to 10 feet in depth, immediately below which is a stratum of limestone rock of practically the same thickness, while underlying the limestone formation is sandstone rock. The face of the bluff is constituted of sand and lime rock formation and is practically perpendicular. The top of said bluff is level and well adapted for gardening and building purposes;" further that the railway company during the period named owned the lots in question, describing them, and that "each and all of said parcels of land

lie to the south of and abut on said Mounds Park Boulevard, and extend from the south line of said boulevard across the top of said bluff and thence to the river's edge, ranging in depth from 280 to 340 feet. That portions of said pieces or parcels of land lying between the base line of said bluff and the water's edge are occupied, used and owned, and for two years last past have been so occupied, used and appropriated for railroad purposes by the said objector. That the portions of said parcels of land lying on the summit of said bluff have a variance in depth or length between the south side of said boulevard and the top line of said bluff [of] from 100 to 190 feet. In estimating the benefits and advantages arising from. said improvements to abutting property subject thereto, said city took into consideration so much only of said pieces or parcels of land as lie upon the top of said bluff. That the respective amount assessed against each piece or parcel of land in said assessment and herein described was fairly, justly and equitably distributed thereon in manner and form as provided by the charter of said city. As to that portion of said pieces or parcels of land which lies upon the top of said bluff and abuts upon. said Mounds Park Boulevard, and as to which said assessment was levied, it is not now and has not been used or in any wise appropriated for railroad purposes  *  *  * of objector's railroad."

The court directed judgment against each of the lots described in the assessment roll for the amount set opposite the same. Judgment was so entered, and the company appeals.

There can be no doubt that under the findings the portion of the lots situated between the street named and the brow of the bluff was subject to assessment for the improvements made, and that the whole amount levied was a just and proper amount on such portion. It is equally clear from the facts found, that the part of each lot lying between the brow of the bluff and the river is exempt and no part of the assessment can be levied thereon.

The appeal questions but one finding of fact, and incidental thereto assigns error in the reception of the evidence upon which that finding is predicated. The point is also made that the findings of fact do not justify the judgment.

The finding asssailed is the one wherein the court finds that in estimating the benefits and advantages to the abutting property the city took into consideration so much only of the lots as lie on top of the bluff. The finding is amply sustained by the uncontradicted testimony of Mr. Seamer, and the only question is whether his testimony was competent or admissible. He was the chief clerk of the bureau of assessments, the department charged with the duty of ascertaining and spreading assessments for improvements. He personally examined the ground to obtain the data for the assessment, and it is evident from an inspection of the assessment roll and the plat, showing where the edge of the bluff crosses the several lots, that the assessment differed as the area of the lots on the top of the bluff varied.

The objection urged was that the testimony was incompetent and not the best evidence. The objection was not well taken. The hearing before the court is a step in the assessment proceeding in which the owner may show that the assessment is fraudulent or is made upon a demonstrable mistake of fact or upon an illegal or erroneous principle of law. Section 247, St. Paul City Charter. If the owner may so show, it would follow that the city should also be permitted to prove that there was no mistake of fact and that legal and correct principles of law were applied. The section cited also provided: "At such hearing the court may modify, alter, amend, revise the whole or any part of such assessment, or strike out any parcel of land therefrom upon the ground that no benefits inured thereto, or it may direct the commissioner of finance so to do in accordance with the terms of its order, and thereafter without notice submit the same to the court for its approval." It is clear that under this provision of the charter the court may, upon the hearing for judgment of confirmation, inquire into and determine whether the whole or any part of the lot or parcel of land specified in the assessment roll is to be assessed and the amount of such assessment. This would justify the admission of Seamer's testimony.

The claim is made that on the findings the court could give judgment only for appellant under the decision of State v. Chicago, R. I. & P. Ry. Co. 141 Minn. 472, 170 N. W. 613. We think not. That was a case where an assessment for a county ditch had been levied and was

sought to be enforced in a regular real estate tax proceeding. Therein the court is not given any power to make or modify a drainage assessment. The assessment had been made by the county board upon exempt and unexempt land as a unit. It is clear that the case is not similiar to the one at bar either upon the law or the facts.

The railroad company now insists that the judgment ordered is wrong in that it is not limited to the parts of the lots on top of the bluff. The city, while conceding the land lying between the edge of the bluff and the river to be exempt, nevertheless claims the judgment to be in the proper form, and that section 264 of the charter prescribes the method of delimiting the portion of the lots which is immune to assessment. The section referred to seems designed to apply to cases of errors in description discovered after the entry of the judgment of confirmation, or to cases where there has been an alteration or division of the parcel assessed. We do not think it was intended to apply to a situation like the present where the evidence and the findings of fact clearly indicate that a certain definite part of the lot or parcel of land described in the assessment roll is not subject to assessment. Where this appears the judgment ordered should be confined to the land legally liable.

However, the case was not tried by appellant in the court below on the theory that a portion of the lots could be assessed, but that the whole of each was exempt as being used and devoted to railroad purposes. Nor did its motion for amended findings request or suggest a modification of the order for judgment so as to embrace only the portion of the lots on top of the bluff. There was no motion for a new trial. Under that situation our conclusion is that the judgment should be affirmed, but without prejudice to the right of the railroad company to apply to the court below for a modification of the judgment in conformity with this opinion.

Judgment affirmed.