# The Chicago and Northwestern Railway Co.

*v.*

# Henry B. Miller.

1. Taxation *of railroad property—assessment of right of way.* Town lots used by a railroad company as right of way and assessed under the denomination of "railroad track," are only liable for taxes as right of way, and can not be taxed both as right of way and as town or city lots; and where a tax is levied on such property both as railroad track and as town and city lots, the collection of the tax levied as upon town and city lots should be enjoined.

2. Where town or city lots are used by a railroad company as right of way they fall under the denomination of "railroad track," under the 42d

section of the Revenue Act of 1872, and there is no authority to assess them otherwise.

3.  The exception in the 41st section of the act does not authorize town and city lots to be excluded from the estimate of right of way.  Its only purpose is to release the company from giving the description by the United States surveys of the property occupied as right of way, when the right of way is located over town and city lots.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Mr. B. C. COOK, for the appellant.

Mr. JAMES K. EDSALL, Attorney General, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

There is but a single question in this case which is not disposed of by the decisions made at the present term in *Ramsey* v. *Hœger*, 76 Ill. 432, and *Porter et al.* v. *The Rockford, Rock Island and St. Louis Railroad Co.* ib. 561.

The bill alleges that a list of town and city lots owned and used by appellant as right of way, in Cook county, was included in its schedule filed with the county clerk; that these lots were assessed by the board of equalization, under the denomination of "railroad track;" that they were also assessed by the several town assessors of Cook county, as town and city lots; that the board of equalization increased the assessed valuation of town and city lots in Cook county, and that appellant is sought to be compelled to pay taxes on such lots, both as right of way and on the increased assessment as town and city lots.

It is obvious that both assessments are not authorized, and it only remains to determine on which should the collection of the tax be enjoined.

By the 41st section of the Revenue Act of 1872 (2 Gross' Statutes, 342), railroads are required in the month of May, of the year 1873, and at the same time in each year there-

10—72D ILL.

after, when required, to make out, and file with the county clerks of the respective counties in which the railroad may be located, a statement, or schedule, showing the property held for right of way, and the length of the main and all side and second tracks and turnouts in such county, and in each city, town and village in the county through or into which the road may run, and describing each tract of land other than a city, town or village lot through which the road may run, in accordance with the United States surveys, giving the width and length of the strip of land held in each tract, and the number of acres thereof. They shall also state the value of improvements and stations located on the right of way.

Section 42 provides that such right of way, including the superstructures of main, side or second tracks and turnouts, and the stations and improvements of the railroad company on such right of way, shall be held to be real estate, for the purpose of taxation, and denominated "railroad track," and shall be so listed and valued, and shall be described in the assessment thereof as a strip of land extending on each side of such railroad track, and embracing the same, together with all the stations and improvements thereon, commencing at a point where such railroad track crosses the boundary line in entering the county, city, town or village, and extending to the point where such track crosses the boundary line leaving such county, city, town or village, or to the point of termination in the same, as the case may be, containing —— acres, more or less (inserting name of county, township, city, town or village boundary line of the same, and number of acres and length in feet), and when advertised or sold for taxes, no other description shall be necessary.

Section 43 provides that the value of the "railroad track," shall be listed and taxed in the several counties, towns, villages, districts and cities, in the proportion that the length of the main track in such county, town, village, district or city bears to the whole length of the road in this State, except the value of the side or second track and all turnouts, and

all station houses, depots, machine shops or other buildings belonging to the road, which shall be taxed in the county, town, village, district or city in which the same are located.

And the latter part of section 46 is, "All real estate, including the stations and other buildings and structures thereon, other than that denominated 'railroad track,' belonging to any railroad, shall be listed as lands or lots, as the case may be, in the county, town, village, district or city where the same are located."

We must take the averment in the bill, that these lots are used by appellant as right of way, confessed as it is by the demurrer, to be true. It, then, follows that, under the 42d section, they fall under the denomination of "railroad track," and we perceive no authority to assess them otherwise. The exception in the 41st section does not authorize town and city lots to be excluded from the estimate of right of way, as is clearly evident from the description of the right of way required to be given by the 42d section. Its only purpose is to relieve the company from giving the description of the property occupied as right of way by the United States surveys, when the right of way is located over town and city lots. It is, nevertheless, the duty of the company to designate the town and city lots used for this purpose, in its schedule to be filed with the county clerk, and where parts of lots only are used for right of way, this should be stated, and the residue should be assessed for taxation as provided in section 46.

We are of opinion that so much of the tax levied by the Auditor as State tax on the property of appellant as is in excess of the proportional amount necessary to raise the $3,500,000 levied by the act in force July 1, 1873, for "revenue fund" and "State school fund," is, for the reasons given in *Ramsey* v. *Hæger, supra*, unauthorized by law, and its collection should therefore be enjoined, and that so much of the tax as is levied upon town and city lots which are, in fact, used as a part of appellant's right of way, is also unauthorized by law, and its collection should be enjoined.

The other objections urged are overruled, for the reasons given in *Porter et al.* v. *The Rockford, Rock Island and St. Louis Railroad Co. supra.*

The decree of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*