The Chicago, Milwaukee and St. Paul Railway Co.

*v.*

Asenath Grant.

*Filed at Ottawa April 3, 1897—Rehearing denied October 8, 1897.*

1. Taxes—*what lands of a railroad company are "railroad track."* Land held and used by a railroad company as right of way, including the superstructure thereon, is "railroad track," within the meaning of the statute.

2. Same—*an assessment of "railroad track" by local assessor is void.* "Railroad track" is assessable only by the State Board of Equalization, and an assessment of the same by a local assessor is void.

3. Same—*right of way may be assessed as "railroad track" though not actually owned by the company.* Taxes assessed by the State Board of Equalization against right of way as "railroad track" are legal, though the railroad company's color of title to the same has not

ripened into title by the operation of the Statute of Limitations. (*Chicago and Alton Railroad Co.* v. *People*, 153 Ill. 409, distinguished and explained.)

4. LIMITATIONS—*what will not break continuity of seven years' payment of taxes.* The continuity of a railroad company's seven years' payment of the taxes assessed against its right of way as "railroad track" by the State Board of Equalization, is not broken by the fact that for one of the years the owner of the paramount title obtains a receipt purporting to be for taxes paid on a tract of land embracing the right of way.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

This is an action of ejectment, commenced in the Superior Court of Cook county on January 15, 1889, by the defendant in error against the plaintiff in error. In the original declaration filed on February 19, 1889, the property sought to be recovered, which lies in Cook county, is described as follows: "A strip, belt or piece of land one hundred (100) feet wide, extending from the west to the south side across the following described tract of land, viz.: the south-east quarter of the south-west quarter of the north-west quarter of section thirty-five (35), township forty (40) north, range thirteen (13), east of the third principal meridian; through the center of which strip, belt or piece of land the center line of the railroad of said Chicago, Milwaukee and St. Paul Railway Company is now located, so as to leave one-half in width on each side of said center line." On October 6, 1893, the declaration was amended by inserting the following description: "otherwise described as that part of the south-east quarter of the south-west quarter of the north-west quarter of section thirty-five (35), township forty (40), north, range thirteen (13), east of the third principal meridian, in Cook county, Illinois, which lies west of a line described as follows: beginning at a point on the west line of said tract two hundred and ninety feet north of the south-west corner thereof, running thence south-westerly

to a point on the south line thereof, one hundred and ten feet from the said south-west corner of said tract."

The defendant filed the plea of general issue, and a special plea setting up payment of taxes and possession for seven years, under claim and color of title, of said premises, as a part of the right of way of said defendant's railroad.

The cause was tried before a jury who returned a verdict, finding the defendant guilty of unlawfully withholding the property in dispute from the plaintiff, upon which verdict, after overruling motion for a new trial, judgment was rendered.

At the close of the trial the defendant asked the court to give the jury the following instruction:

"The court instructs the jury, that the evidence in this cause is not sufficient to warrant a verdict for the plaintiff, and they are directed to find the defendant not guilty."

This instruction was refused. Its refusal is the main assignment of error relied upon by the plaintiff in error.

Edwin Walker, and Charles B. Keeler, for plaintiff in error:

Land held by a railroad company for right of way is required by law to be assessed for taxation by the State Board of Equalization, and not by the local assessor. This rule is not limited to the right of way of the main track, but embraces the right of way of all the side-tracks, switches and turn-outs as well. An assessment of such property by the local assessor is void. *Railroad Co.* v. *People ex rel.* 129 Ill. 571.

Pope & Small, for defendant in error:

Railroad property, to be assessable by the State Board of Equalization as "railroad track," must not only be so used, but must be the property of a railroad company. *Railroad Co.* v. *People*, 153 Ill. 409.

Every tax legally assessed must be paid to constitute a bar under claim of color of title. *Railroad Co.* v. *Forsyth,* 118 Ill. 272.

Possession and payment of taxes must relate to the same land described in the deed under which color of title is claimed. *Cooter* v. *Dearborn,* 115 Ill. 516.

Mr. Chief Justice Magruder delivered the opinion of the court:

The plaintiff showed a connected chain of title from the government to herself. It is not necessary to set out this title, as it is not denied that plaintiff showed herself to be the owner of the paramount title, and is entitled to recover, unless the defense set up by the plaintiff in error, as hereinafter set forth, has been sustained.

As against the amended declaration which was not filed until October, 1893, the plaintiff in error relies upon twenty years' possession; but we do not deem it necessary to consider the Statute of Limitations in regard to possession for twenty years. A consideration of the other defense relied upon will be sufficient to dispose of the case.

The plaintiff in error claimed, that it had been in actual possession of the premises in question under claim and color of title made in good faith, and continued in such possession for seven successive years, and that during said time it paid all taxes legally assessed on said land, and was, therefore, entitled to be adjudged to be the legal owner thereof according to the purport of its paper title. The plaintiff in error introduced in evidence, as color of title, a deed bearing date November 19, 1872, executed by Isaac N. Hardin and his wife and one Betsy N. Holbrook, to the plaintiff in error, conveying, in consideration of $1400.00, the following described parcel of land in the town of Jefferson, Cook county, Illinois, to-wit: "A strip, belt or piece of land one hundred (100) feet wide, extending from the west to the south side

across the following described tract of land, viz.: the south-east quarter of the south-west quarter of the north-west quarter (being ten acres) of section thirty-five (35), township forty (40), north, range thirteen (13), east of third principal meridian, through the center of which said strip, belt or piece of land the center line of the railroad of said company is now located, so as to leave one-half in width on each side of said center line."

The proof is clear and undisputed, that, from the year 1872, down to the time of the commencement of this suit, the plaintiff in error was in possession of the strip of land one hundred feet wide in controversy. The strip in question is a part of the right of way of plaintiff in error, and has been used as such continuously during the period aforesaid. Soon after the track was laid and the line of the railroad began to be operated, the strip one hundred feet wide was fenced in. Such fence has been maintained ever since its original construction. It follows, that that part of the Statute of Limitations, which requires an actual and continuous possession, under claim and color of title, for seven successive years, is clearly established by the proof.

Upon the question of payment of taxes, the proof shows, and it is not denied, that the plaintiff in error paid all the taxes legally assessed upon said strip for the six years, 1882, 1883, 1884, 1885, 1886 and 1887. The real question in dispute between the parties is as to the payment of the taxes for the year 1881. Plaintiff in error claims, that it paid the taxes legally assessed for the year 1881, while the defendant in error claims that she paid the only tax legally assessed for the year 1881, and that plaintiff in error paid no tax for that year, which it is entitled to rely upon under the Statute of Limitations.

The east half of the west half of the north-west quarter of said section 35, containing forty acres, was assessed by the local assessor for the year 1881, and the taxes for that year as so assessed were paid on April 29;

1882, by George R. Grant, the son of defendant in error, for one Hugh D. Hunter. The forty-acre tract, upon which the taxes were so paid, included the right of way in controversy; but prior to this, and on the first day of April, 1882, the plaintiff in error paid the taxes for 1881 assessed upon the strip as railroad track by the State Board of Equalization. The case, therefore, properly turns upon the question, whether the tax, as assessed by the State Board of Equalization and paid by the plaintiff in error, was the legal tax for the year 1881, or whether the tax, assessed by the local assessor for that year and paid by George R. Grant, was the legal tax for 1881.

This court, in a number of cases, has held, that land held and used as right of way by a railroad company, including the superstructures thereon, is railroad track, and not subject to assessment by the local assessor; and that land so held by a railroad company as right of way is required by law to be assessed for taxation by the State Board of Equalization; and that an assessment of such property by the local assessor is void. (*Chicago and Northwestern Railway Co.* v. *Miller*, 72 Ill. 144; *Ohio and Mississippi Railroad Co.* v. *Weber*, 96 id. 443; *Chicago and Alton Railroad Co.* v. *People*, 98 id. 350; *Peoria, Decatur and Evansville Railway Co.* v. *Goar*, 118 id. 134; *Chicago and Alton Railroad Co.* v. *People*, 129 id. 571).

The evidence in the case at bar shows, that the plaintiff in error made return of its schedules for the year 1881 to the county clerk of Cook county, and also furnished such schedules to the State Auditor, in such manner and form as is required by the statute. The proof also shows, that the assessment upon the company's railroad track for the year 1881 was made by the State Board of Equalization and distributed to the several counties, and by the proper officers of the counties distributed to the several towns. The schedule and the collector's warrant and the tax receipt for the taxes of the year 1881 are all in evidence. From these it appears, that

the plaintiff in error paid the taxes for the year 1881 assessed by the State board upon its right of way running through the north-west quarter of said section 35. As the strip in controversy in this suit is undoubtedly a part of this right of way, and assessable by the State board as railroad track, and as it was so assessed, and the tax so assessed for 1881 was paid by plaintiff in error on April 1, 1882, we see no reason why plaintiff in error has not brought itself within the terms of the seven years' limitation act. It has paid all taxes legally assessed for the seven years from 1881 to 1888 inclusive. Under the authorities referred to, the assessment of the forty acres through which this strip runs by the local assessor for the taxes of 1881 was illegal and void; and, therefore, the payment of the tax so assessed on the 29th of April, 1882, cannot have the effect of breaking the continuity of the payments by plaintiff in error for seven years.

The conclusion here reached is sustained by the recent decision of this court in *St. Louis, Indianapolis and Eastern Railroad Co.* v. *Warfel*, 163 Ill. 641. In the latter case, where it appeared that a strip, occupied by a railroad company, was assessed as railroad track, and the taxes, growing out of the assessment thus made, were paid each year by the railroad company, it was said (p. 646): "The strip of land, as to its assessment and taxation and payment of taxes, was separated and removed from the quarter section of land of which it was a part, and although the owner of the paramount title, in the payment of taxes, obtained a receipt for the whole quarter, he in fact paid no taxes on that part of the quarter occupied by the railroad company as right of way."

In view of the decision made in the *Warfel case*, it can not be said that the description of the premises in the deed introduced by the plaintiff in error as color of title, nor the description in the schedules, warrants and tax receipts introduced in evidence by plaintiff in error, is justly subject to the charge of indefiniteness made against

it by counsel for defendant in error.     Such schedules, warrants and receipts, in their terms and statements, seem to conform to the requirements laid down in sections from 40 to 50 inclusive, of the Revenue act.

It is claimed by counsel for defendant in error, that, at the time when plaintiff in error paid the taxes for the year 1881, as assessed by the State Board of Equalization, it was not the owner of the premises, inasmuch as its color of title under the seven years' limitation law had not then ripened into a title.     The case of *Chicago and Alton Railroad Co.* v. *People,* 153 Ill. 409, is relied upon in support of the contention, that the right of way could only be assessed by the State Board of Equalization as railroad track while the railroad company was the owner of it, and that it could not be so assessed while its ownership was inchoate by reason of the non-running of the Statute of Limitations for the full period of seven years. The statute requires sworn lists or schedules to be made out, not exclusively by a railroad company *owning* the railroad, but also by any railroad company *operating* a railroad.     Moreover, we do not regard the case referred to as sustaining the contention of counsel.     In that case the local authorities assessed a bridge, used by a railroad company under a lease from a bridge company, for taxation under a special act passed in 1873, entitled "An act to provide for the assessment and taxation of bridges across navigable streams on the borders of this State;" the railroad company contended, that the bridge was a part of its railroad track and should be assessed as such, while the People claimed that the bridge was no part of the railroad's track or right of way, but that it belonged to the bridge company and was assessable under said act of 1873, which provided, that such bridges should be assessed by the township assessor in the town where they were located as real estate.     It was merely held, that, under the circumstances of that case, the assessment was properly made by the township assessor.

For the reasons herein stated, we are of the opinion that the trial court erred in not instructing the jury, as requested by the plaintiff in error, to find the defendant not guilty. Accordingly the judgment of the Superior Court of Cook county is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*