THE PEOPLE *ex rel.* John R. Thompson, County Collector, Appellee, *vs.* THE ILLINOIS NORTHERN RAILWAY *et al.* Appellants.

*Opinion filed February 25, 1911.*

1. TAXES—*use to which land is put by railroad company determines the assessing body.* The Revenue act divides property of railroad companies into two classes, that denominated "railroad track" and that not so denominated; and it is the use to which real estate is put by the company, and not the question of who holds the title, that determines whether it shall be assessed by the State Board of Equalization or the local assessor.

2. SAME—*railroad company's right of way should be assessed as a unit.* The right of way of a railroad company must be assessed as a unit, and the only body which can make such assessment is the State Board of Equalization, although property improperly returned as "railroad track" may be assessed by the local assessor under such a description as properly identifies it.

3. SAME—*land used for right of way is "railroad track" though held by company under a lease.* Land used by a railroad company for right of way is "railroad track" and assessable only by the State Board of Equalization, even though the company has merely an easement or a lease of the land, the title to which is owned by another corporation or individual. (*Huck* v. *Chicago and Alton Railroad Co.* 86 Ill. 352, and *Chicago, Milwaukee and St. Paul Railway Co.* v. *Grant,* 167 id. 489, followed.)

4. SAME—*for purposes of taxation railroad company owns land used for right of way.* For purposes of taxation the statute makes a railroad company the owner of land occupied by it for its right

of way without regard to where the fee title to the land rests, and this method of assessment does not exempt any of the right of way from taxation, as its full value will be assessed against the property as "railroad track."

APPEAL from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding.

This was an application in the county court of Cook county for judgment and order of sale by the county collector of Cook county against the east seven acres of the east half of the north-east quarter of the south-east quarter, north of the river, (excepting the west two hundred feet east of the railroad,) of section 25, township 39, range 13, in the city of Chicago, county of Cook and State of Illinois, for the taxes of 1909 levied upon said premises upon an assessment made against said premises in the name of the International Harvester Company, the owner of said premises in fee, by the board of assessors of Cook county. The Illinois Northern Railway and the International Harvester Company appeared and showed to the court that the Illinois Northern Railway was a railroad corporation organized in 1901 under chapter 114 of the Revised Statutes of Illinois, and was the lessee of said premises from the International Harvester Company for the term of fifty years, which lease expires in 1951; that said premises were in use as a part of the right of way of the Illinois Northern Railway, and said property had been returned for the purposes of assessment and taxation by said railway company as "railroad track" and assessed as such by the State Board of Equalization for the year 1909; that all taxes for that year levied upon said premises by virtue of said assessment had been paid; that the assessment by the board of assessors of said premises was void, and the taxes levied under said assessment, and for which judgment and order of sale were sought in this proceeding, amounted to double taxation. The objections were overruled and judgment and

order of sale were entered, and the objectors have prosecuted an appeal to this court.

JAMES M. BLAZER, (EDGAR A. BANCROFT, of counsel,) for appellant.

HARRY A. LEWIS, County Attorney, and WILLIAM F. STRUCKMANN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The question argued in the briefs of the respective parties, and the only question in the case presented to this court for decision, is, should a strip of land leased to a railroad company for right of way purposes, and on which the railroad company has located and is operating its tracks, which tracks constitute a part of its main track, be assessed as "railroad track" by the State Board of Equalization, or should it be assessed as real estate in the name of the owner of the fee by the local assessor.

Section 40 of chapter 120 (Hurd's Stat. 1909, p. 1833,) provides: "Every person, company or corporation owning, operating or constructing a railroad in this State, shall return sworn lists or schedules of the taxable property of such railroad, as hereinafter provided. Such property shall be listed and assessed with reference to the amount, kind and value on the first day of May of the year in which it is listed."

"Sec. 41. They shall, in the month of May of the year 1873, and at the same time in each year thereafter when required, make out and file with the county clerks of the respective counties in which the railroad may be located, a statement or schedule showing the property held for right of way, and the length of the main and all side and second tracks and turn-outs in such county, and in each city, town and village in the county, through or into which the road may run, and describing each tract of land, other than a

city, town or village lot, through which the road may run, in accordance with the United States surveys, giving the width and length of the strip of land held in each tract, and the number of acres thereof. They shall also state the value of improvements and stations located on the right of way. New companies shall make such statement in May next after the location of their roads. When such statement shall have been once made, it shall not be necessary to report the description as hereinbefore required, unless directed so to do by the county board; but the company shall, during the month of May, annually, report the value of such property, by the description set forth in the next section of this act, and note all additions or changes in such right of way as shall have occurred.

"Sec. 42. Such right of way, including the superstructures of main, side or second track and turn-outs, and the station and improvements of the railroad company on such right of way, shall be held to be real estate for the purposes of taxation, and denominated 'railroad track,' and shall be so listed and valued; and shall be described in the assessment thereof as a strip of land extending on each side of such railroad track, and embracing the same, together with all the stations and improvements thereon, commencing at a point where such railroad track crosses the boundary line in entering the county, city, town or village, and extending to the point where such track crosses the boundary line leaving such county, city, town or village, or to the point of termination in the same, as the case may be, containing ......acres, more or less, (inserting name of county, township, city, town or village boundary line of same, and number of acres, and length in feet,) and when advertised or sold for taxes, no other description shall be necessary.

"Sec. 43. The value of the 'railroad track' shall be listed and taxed in the several counties, towns, villages, districts and cities, in the proportion that the length of the main track in such county, town, village, district or city bears to

the whole length of the road in this State, except the value
of the side or second track, and all turn-outs, and all station
houses, depots, machine shops, or other buildings belonging
to the road, which shall be taxed in the county, town, vil-
lage, district or city in which the same are located.

"Sec. 46. The tools and materials for repairs, and all
other personal property of any railroad except 'rolling
stock,' shall be listed and assessed in the county, town, vil-
lage, district or city wherever the same may be on the first
day of May. All real estate, including the stations and
other buildings and structures thereon, other than that de-
nominated 'railroad track,' belonging to any railroad, shall
be listed as lands or lots, as the case may be, in the county,
town, village, district or city where the same are located."

It is apparent from these sections of the Revenue act
that the real estate of all railroad corporations in this State
is divided into two classes, viz., "railroad track," and all
real estate other than that denominated "railroad track."
Section 40 requires every person, company or corporation
owning, operating or constructing a railroad in this State
to return all the taxable property of such railroad as pro-
vided by said act; and section 41, that in 1873, and when
required, the said persons, companies or corporations shall
make and file with the county clerks of the counties in which
the railroad may be located, a statement or schedule show-
ing the "property held for right of way," etc. The fore-
going sections clearly show that it was the legislative will
that all property used for right of way purposes and prop-
erly denominated in said act as "railroad track" should be
returned as such by the railroad corporation owning, oper-
ating or constructing the railroad over or upon such right
of way, and that the assessment thereof should be made by
the State Board of Equalization and not by the local as-
sessors. And this is true whether the railroad corporation
owning, operating or constructing the railroad which oc-

cupies said right of way owns the fee in said right of way or only an easement therein, or is only lessee thereof.

In *Huck* v. *Chicago and Alton Railroad Co.* 86 Ill. 352, the Chicago and Alton Railroad Company leased, as its charter provided it should have power to do, certain lines of railroads, and it was held that the lines so leased were the property of the Chicago and Alton Railroad Company for the purpose of taxation. On page 354 the court said: "The Revenue law requires 'every person, company or corporation, owning, operating or constructing a railroad, to return a schedule of the taxable property of such railroad' for taxation. (Rev. Stat. 1874, p. 865, sec. 40.) And the rolling stock is to be listed and taxed in the several counties, towns, villages, districts and cities in the proportion that the length of the main track used or operated in such county, town, village, district or city bears to the whole length of the road used or operated by such person, company or corporation, whether owned or leased by him or them in whole or in part. We think it very clear from the corporate powers conferred by its charter, the terms of the leases and the provisions of the Revenue law referred to, that the Chicago and Alton Railroad Company is, for all purposes of taxation at least, if not for all other purposes, to be regarded as the owner of all the leased property.— See, also, *Kennedy* v. *St. Louis, Vandalia and Terre Haute Railroad Co.* 62 Ill. 396."

In *Chicago, Milwaukee and St. Paul Railway Co.* v. *Grant,* 167 Ill. 489, ejectment was brought by Grant against the railroad company to recover a tract of land which formed a part of the railroad company's right of way. The railroad company, to show title in itself, relied upon color of title, possession and payment of taxes for seven years. It was conceded that the railroad company had color of title and had been in possession for more than seven years and that it had paid taxes on the property for six years. As to the seventh year, it was claimed the assessment by

the State Board of Equalization was void, as at that time
the railroad company did not have title to the land. The
court held, however, that taxes levied upon an assessment
by the State Board of Equalization against the right of way
as "railroad track" was legal, though the railroad company's
claim of title to the land had not ripened into title, by the
operation of the. Statute of Limitations, at the time the
assessment was made by the State Board of Equalization.

These cases, we think, are conclusive of the question
involved in this case and controlling. If, however, the
question be treated as one of first impression in this court,
we think it clear that every railroad company owning, op-
erating or constructing a railroad in this State should re-
turn the property used by it for right of way as "railroad
track," and that the State Board of Equalization should
assess said right of way as "railroad track" without stop-
ping to examine the title of each tract of land under which
the land used for right of way is held, and if the land is
used as "railroad track" it should be assessed by the State
Board of Equalization, regardless of where the fee title
rests. In *People* v. *State Board of Equalization,* 205 Ill.
296, the court said: "The statute clearly contemplates that
the right of way of a railroad company, for the purposes
of assessment, shall be treated as a unit, and that the as-
sessment of its real estate used for right of way purposes
shall be apportioned among all the counties, cities, etc.,
through which the road runs. * * * This method of
assessment has been in force in this State for many years
and is equitable and fair. * * * The cost of construc-
tion in a particular town or county affords no criterion of
the value of that portion of the road, for every mile of the
road is equally indispensable to its existence as a whole,
and contributes, proportionately, to its principal earnings.
* * * The franchise extends to the entire corporate prop-
erty and it is not possible that it can be divided. It must,
if assessed at all, be assessed as an entirety, and this, as we

have already shown, may be in connection with the property to which it is attached.  *  *  *  A railroad is a unit, and for the purposes of assessment its right of way must be treated as a whole.  *  *  *  The track of the road is but one track from one end of it to the other, and except in its use as one track is of little value."

If it were held the local assessors could assess such portions of the rights of way of railroad corporations in the State as private parties appear to own or have an interest in, in fee or otherwise, the effect would be to cut continuous lines of railroad into many parts, and these parts would be assessed for taxation, not according to their character as railroad property, but according to the business of the persons or corporation owning the fee.  The statute, for the purpose of taxation, makes the railroad corporation using the right of way the owner of the land comprising the right of way.  This method of assessment does not have the effect to exempt any of the right of way from taxation, as its full value will be assessed against the property as "railroad track," and if any part of the premises returned by a railroad company as "railroad track" is not right of way and should be assessed by the local assessor, this should be done, but the local assessor should so describe the portion of the premises assessed by him that it may be identified. *Illinois Central Railroad Co.* v. *Cavins,* 238 Ill. 380.

We think it is too clear for argument, in view of the statute and the adjudicated cases, that a railroad company's right of way must be assessed as a unit; that the only assessing body which can assess such right of way is the State Board of Equalization; that such board is given full power to assess real estate owned or operated by a railroad company as right of way, and that the jurisdiction of the State Board of Equalization is exclusive over the class of property designated by the statute as "railroad track" for assessment purposes, whether held by a railroad company in fee or for years, or otherwise.  In other words, that the use to

which the property is devoted, and not where the fee title rests, determines which of the assessing bodies,—that is, the State Board of Equalization or local assessors,—shall assess property in use by a railroad company for right of way purposes.

The judgment of the county court will be reversed.

*Judgment reversed.*