THE PEOPLE *ex rel.* Archie E. Wood, County Collector,
    Appellant, *vs.* THE TERRE HAUTE AND WESTERN RAIL-
    WAY COMPANY, Appellee.

*Opinion filed December 17, 1912.*

TAXES—*when power-house lot is "railroad track" and not sub-
ject to assessment by local assessor.* The tracks of an electric
railroad laid in a street by permission of the municipality are part
of the company's right of way which is assessable by the State
Board of Equalization, and so, also, is a lot adjoining such street
occupied by a power plant used solely to generate current for op-
erating the company's cars, no other use being made of such lot.

APPEAL from the County Court of Edgar county; the
Hon. D. V. DAYTON, Judge, presiding.

R. S. DYAS, State's Attorney, (W. H. CLINTON, and
J. E. DYAS, of counsel,) for appellant.

FRANK T. O'HAIR, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court
of Edgar county, wherein that court refused to hold a cer-
tain lot in the village of Vermillion subject to assessment
by the local assessor.

Appellee is the owner and operating a line of electric
railroad from the city of Paris, in said county, running
in an easterly direction about ten miles, to a point on the
State line between Indiana and Illinois. The railroad's
right of way extends through Vermillion, which is about
midway between the termini. Railroad street is a regu-
larly laid out street in said village, fifty feet in width and
traveled by the public, sidewalks being on the north and
south sides contiguous to the property line. The track of
appellee is laid in this street in or about the center for a
distance of about 2321 feet, by virtue of an ordinance of

said village granting such privilege. Lot 23 in J. S. Ver-million's Second addition, upon which the local assessor levied taxes, is adjacent to and abuts on said street, and the power plant in which the electrical current is generated for propelling the cars over said railroad track is located on said lot, the lot being used only for that purpose. The power there generated is used for no other purpose than propelling said cars.

The sole question presented by the stipulation of facts upon which this case was tried is whether said lot 23 is a part of the "railroad track" and right of way of appellee, and therefore should be assessed by the State Board of Equalization. This court has held that land used by a railroad company for right of way is railroad track and assessable only by the State Board of Equalization, even though the company has merely an easement in the right of way and the title to the land is owned by another corporation or individual. (*People* v. *Illinois Northern Railway,* 248 Ill. 532.) The tracks of appellee in said Railroad street must therefore be held to be a part of appellee's right of way. This court has also held that land adjoining the right of way of a railroad company, used by it as a reservoir, from which it obtained water for its locomotives and for other purposes connected with the operation of its railroad, was, within the meaning of the law, "railroad track" and taxable as such. (*Chicago and Eastern Illinois Railroad Co.* v. *People,* 218 Ill. 463.) Under the facts in this record the reasoning in the case just cited must control here. Lot 23, used solely for generating electricity for motive power of said appellee railroad, is for taxing purposes a part of its "railroad track." The county court rightly held that it could not be assessed by the local assessor.

The judgment of the county court will be affirmed.

*Judgment affirmed.*