THE PEOPLE *ex rel.* Paul W. Abt, County Collector, Appellee, *vs.* THE WIGGINS FERRY COMPANY, Appellant.

*Opinion filed February 20, 1913.*

1. TAXES—*local assessor cannot assess right of way of railroad.* The local assessor has no power to assess right of way of a railroad company, as such power is in State Board of Equalization.

2. SAME—*failure of railroad to file schedule does not authorize the local assessor to assess "railroad track."* Failure of a railroad company to file the schedule with the county clerk subjects the company to a penalty and authorizes the local assessor to proceed to assess such property of the railroad as he has power to assess, the same as other property, but the assessor is not thereby authorized to assess the "railroad track" or right of way of the company.

3. SAME—*"railroad track" is not assessed with reference to the ownership of the fee.* Real estate used by a railroad company for right of way is "railroad track" for the purpose of assessment and is assessable only by the State Board of Equalization, even though the railroad company is a tenant by sufferance or has a lease and the title to the land is owned by another corporation or individual.

4. SAME—*when objection to tax should be sustained.* An objection by a land owner to certain taxes extended upon an assessment by the local assessor must be sustained when it is shown that the same property is the right of way of a railroad company which has paid the taxes thereon extended on an assessment by the State Board of Equalization.

APPEAL from the County Court of St. Clair county; the Hon. JOHN B. HAY, Judge, presiding.

E. C. KRAMER, R. J. KRAMER, B. A. CAMPBELL, and C. H. G. HEINFELDEN, for appellant.

F. J. TECKLENBURG, State's Attorney, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Upon the application of the county collector for judgment against certain real estate of appellant, the Wiggins Ferry Company, for delinquent taxes for the year 1911, the county court of St. Clair county overruled the objections of appellant and entered judgment and an order of sale. From that judgment this appeal has been prosecuted.

The Wiggins Ferry Company is the owner of 171.21 acres of land in St. Clair county which is in the possession of and is occupied by the East St. Louis Connecting Railway Company, a part of it being used as right of way. The part so used is the premises objected for, and the basis for the objection is, that the railway company had been assessed by the State Board of Equalization for its right of way for the year 1911 and had paid the taxes thereon, and that this assessment made by the local assessor on the whole 171.21 acres is unauthorized and constitutes a double assessment of that portion of the premises used by the railway company as a right of way. The taxes assessed on portions of the tract not used by the railway company as its right of way were also objected to but were paid by appellant during the progress of the hearing. The taxes remaining unpaid and for which judgment was rendered amount to the sum of $15,761.75.

It was shown that that part of this property which is now being occupied and used by the railway company as its right of way has been so occupied and used by that company for the past thirty years under various leases from appellant, the owner of the fee. A long-term lease to the railway company for the whole of this tract was executed by both companies on January 1, 1911, and one of appel-

lant's witnesses testified that the lease was, in fact, delivered at that time. It appears, however, that this lease was acknowledged before a notary public on June 10, 1911, and was filed for record in the office of the recorder of deeds of St. Clair county on June 15, 1911. On June 17, 1911, the railway company filed with the county clerk of St. Clair county the schedule required by section 41 of the Revenue act, and on the same day filed with the Auditor of Public Accounts the schedule required to be filed with him by section 48 of that act. An examination of the schedule filed with the county clerk discloses that the lands described therein are included in the lands described in the application for judgment and order of sale in this proceeding. From the affidavit attached to the schedule filed with the county clerk it appears that the railway company has no right of way or property of any kind outside of St. Clair county and that all of the property of the railway company was scheduled, and by the schedule filed with the Auditor of Public Accounts at the same time the same amount of right of way or trackage is shown as in the schedule filed with the county clerk, and it is also sworn to as being a full and complete return. In the brief of appellee it is conceded that the railway company had been using a portion of the lands against which judgment was sought for its railroad track, and that this litigation concerns only that portion used as "railroad track," and no other property. This concession simplifies the solution of the questions presented, as it is difficult to determine from the record whether the taxes held to be delinquent were assessed against the property claimed to be "railroad track" or against the remainder of the tract across which the right of way extended. The question for determination is thus narrowed down to this: Did the local assessor, under the circumstances here shown, have the power and authority to assess against the owner of the fee the property used as

"railroad track" by the railway company in the operation of its railroad?

Appellee states that the whole of this tract has always been assessed by the local assessor, and was not, until the lease of January 1, 1911, was recorded, "railroad track" for purposes of taxation. Even if it were true that this tract had always been assessed by the local assessor it would not affect the situation. But this statement is unsupported by the proof. There is no proof of a former assessment by the local assessor. On the contrary, it is shown that for thirty years this right of way has been occupied and used by the East St. Louis Connecting Railway Company, and at least for the year 1910 it was scheduled with the Auditor of Public Accounts and was assessed by the State Board of Equalization and the taxes paid according to that assessment, and for the year in question (1911) it was shown that the railway company paid taxes assessed against it by the State Board of Equalization for "railroad track" in the sum of $16,372.55. Section 48 of the Revenue act provides for the filing by a railroad company of the sworn schedules of its "railroad track" and certain other property with the Auditor. Section 50 requires the Auditor to lay these schedules before the State Board of Equalization, which board shall thereupon assess such property. The local assessor has no power to assess the right of way of railroad corporations, the only body having authority to make such an assessment being the State Board of Equalization.

Appellee objected to the introduction in evidence of the schedule filed by the railway company in 1911 with the county clerk on the ground that it was filed too late, the statute requiring that it be filed during the month of May, and it is contended that as the railway company neglected to file the schedule in time, the local assessor was empowered, under section 49 of the Revenue act, to assess the whole of this tract. No such authority is given the local

assessor under section 49. That section provides that if any person, company or corporation owning or operating a railroad shall neglect to return to the county clerk the schedule required, then the property so to be returned and assessed by the assessor shall be listed and assessed as other property. This simply means that should the railway company fail to file its schedule when required, that part of its property which is to be assessed by the local assessor and not by the State Board of Equalization shall then be assessed as other property and not assessed in the manner provided for assessment by the local assessor of railroad property. In no event is the local assessor given the power or authority to assess the "railroad track" or right of way of a railroad. In case any railroad company shall fail to make the statements or schedules required to be made either to the county clerk or to the Auditor, said section 49 provides that it shall forfeit, as a penalty, not less than $1000 nor more than $10,000 for each offense.

Appellee suggests that as its lease was neither acknowledged nor recorded until after April 1, 1911, it is apparent that the railway company was not assessed for the right of way included in this tract for the year 1911, and in support of this claim cites the fact that the records show that the railway company was assessed by the State Board of Equalization in 1911 for the same amount of trackage that it was assessed for in 1910. Whether the State Board of Equalization did or did not assess the right of way in any year is immaterial as affecting the right of the local assessor to assess this class of property. But this contention is without force for the further reason that it appears that for thirty years prior to the making of the lease of January 1, 1911, the railway company was in the possession of the same lands as a right of way, and there is no showing made that the length of the main tracks or of the side-tracks or turn-outs was materially different in the year 1911 than in the year 1910. Appellee assumes that by

the lease of January 1, 1911, the railway company acquired new right of way and additional trackage, but the evidence is uncontradicted that it had occupied and used this same property for the same purposes theretofore and that this lease was simply a new rental contract. From the schedules filed with the county clerk and the Auditor of Public Accounts on June 17, 1911, when considered together with the other evidence herein, it is apparent that the right of way as returned by those schedules is the same as that occupied by the railway company for many years. The fact that the amount of trackage assessed for the years 1910 and 1911 is substantially the same, tends to support the contention of appellant that this property is being subjected to double taxation, rather than to show the contrary.

Appellee attaches some importance to the fact that the lease of January 1, 1911, was not acknowledged and recorded until June, 1911, whereas it is claimed property is assessed with reference to its ownership on April 1 of each year. Railroad track is not assessed with reference to the ownership of the fee. Section 40 of the Revenue act provides that any person or company owning or operating a railroad shall make the sworn schedules required, and that the property shall be listed and assessed with reference to the amount, kind and value on May 1 (now April 1.) Section 48 provides that any person or company running or operating a railroad shall make the schedule required to the Auditor of Public Accounts. The railway company's right of way was located on the premises objected for, and it was immaterial who owned the fee or by what arrangement with the owner of the fee the railway company was subjecting the property to this use. The essential fact is that it was operating a railroad over this property on April 1, 1911. The mere fact that the appellant owned the fee and the railway company was in possession of this tract of land under a lease or otherwise did not authorize the local assessor to assess the right of way. Real estate used by a

railway company for right of way is "railroad track" for the purposes of assessment, and is assessable only by the State Board of Equalization even though the railroad company is a tenant by sufferance or has a lease and the title to the land is owned by another corporation or individual. *People* v. *Illinois Northern Railway,* 248 Ill. 532.

It is apparent that the property objected for has been subjected to a double assessment for the year 1911. The East St. Louis Connecting Railway Company having paid the taxes assessed against its right of way by the State Board of Equalization,—the only body having the authority to assess its "railroad track,"—appellant, as the owner of the fee, has the right to object to the payment of any taxes levied against it upon the same property by virtue of an assessment by the local assessor.

The objections should have been sustained, and the judgment of the county court is therefore reversed.

*Judgment reversed.*